[No. 15286.    Department One.—December 6, 1893.]

WILLIAM H. FINNERTY ET AL., RESPONDENTS, *v.* JAMES C. PENNIE, ADMINISTRATOR ETC., ET AL., RESPONDENTS. MARGARET O'NEILL ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION—LIEN OF ADMINISTRATOR.—A decree of distribution which provides for the distribution of the property "*subject to the claim of the administrator*" for a sum named, is in effect a declaration that the property is charged with the payment of the sum named, and creates a lien therefor on the property by operation of law.

ID.—POWER OF COURT TO CHARGE ESTATE WITH FEES OF ADMINISTRATOR.— The probate court has the right and power to charge the property of an estate with the payment of administrator's fees.

ID.—ADMINISTRATOR'S LIEN AGAINST HEIRS OF DECEASED HEIR.—Where the sole heir of the estate of a decedent dies before the estate is settled, and administration is separately had upon his estate, and the same administrator is appointed to settle each of the estates, the heirs of the deceased heir take the estate distributed to them not only subject to a lien in favor of the administrator charged thereupon for his fees in settlement of the estate of the deceased heir, but also take it subject to a lien charged by the court upon the estate of the original decedent in favor of the administrator.

ID.—CONCLUSIVENESS OF DECREE—ADVERSE CLAIM OF ADMINISTRATOR.— The last decree of distribution to the heirs of the deceased heir does not conclude the rights of the administrator of the first estate as an adverse claimant of a lien thereupon.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.

The facts are stated in the opinion.

*George D. Collins*, for Appellants.

*Thomas F. Barry*, for Respondents.

BELCHER, C.—In January, 1889, Matthew Connors died, owning an undivided one-half interest in certain real property, situate in the city and county of San Francisco, and leaving as his sole heir-at-law his father, Michael Connors. In June, 1889, Michael Connors also died, leaving as his sole heirs-at-law two daughters, Margaret O'Neill and Mary A. Connors. In November, 1889, Thomas Kirkpatrick was duly appointed administrator of the estate of each of the said decedents by the superior court of the city and county of San Francisco, and thereafter he duly qualified and entered upon the discharge of his duties as such.

In May, 1890, the said administrator rendered and filed in court a full account and report of his administration of each of the said estates, and accompanied the same with petitions for the final distribution thereof. These accounts were settled and allowed by the court, and in the matter of the estate of Matthew Connors, on the 16th of September following, it was ordered, adjudged and decreed that the undivided one-half of the said real property belonging to that estate be distributed

to Thomas Kirkpatrick as administrator of the estate of Michael Connors, "subject to the claim of the said administrator for the sum of eight hundred and thirty-four dollars and ninety cents, as fixed by the order settling the said account" in the first-named estate. And in the matter of the estate of Michael Connors it was on the same day ordered, adjudged and decreed that the undivided one-half interest in the said real property be distributed in equal shares to Margaret O'Neill and Mary A. Connors, "subject to the claim of said administrator, amounting to the sum of two hundred and seventy-one dollars, as fixed by the order settling the said account herein."

In January, 1891, the plaintiffs, William H. Finnerty and Edward Finnerty, being the owners of the other undivided one-half of the said real property, commenced this action against Margaret O'Neill, Mary A. Connors, Thomas Kirkpatrick and others for a partition of the property, or, if a partition could not be made without injury to the owners, then for a sale thereof and a division of the proceeds.

The case was tried, and the court found, among other things, that the plaintiffs and the two defendants first named were the owners each of an undivided one-fourth of the said described property, and that the same was so situated and built upon that it could not be partitioned. The court further found "that the defendant, Thomas Kirkpatrick, as administrator of the estate of Matthew Connors, deceased, has a claim, lien and charge against the respective interests of said Margaret O'Neill and Mary A. Connors in said real estate, and there is now due and owing him thereon the sum of eight hundred and thirty-four and ninety-one-hundredths dollars, with interest thereon," etc. And there was a similar finding as to the two hundred and seventy-one dollars.

Judgment was accordingly entered that the property be sold; that the interests of the defendants, Margaret O'Neill and Mary A. Connors, in the property were subject to the payment of the said sums of eight hundred

and thirty-four dollars and ninety cents and two hundred and seventy-one dollars, which constituted liens thereon; and that the proceeds of the sale be applied to the payment and satisfaction of said liens.

The said defendants moved for a new trial, upon the ground that the court erred in allowing the claim of Kirkpatrick as aforesaid for the sum of eight hundred and thirty-four dollars and ninety cents, and declaring it a lien on their interests in the property described, and ordering the proceeds of the sale applied in satisfaction thereof, and their motion was denied. From the order thus made denying their motion they appeal.

1. In support of the appeal it is contended that the decree of distribution of the estate of Matthew Connors did not create any lien upon the property distributed, for the reason that a lien can only be created by contract or by operation of law. The language of the decree was that the property be distributed "subject to the claim of said administrator for the sum of eight hundred and thirty-four dollars and ninety cents," etc. This was in effect declaring that the property was charged with the payment of the sum named, and in our opinion it created a lien on the property by operation of law. And that the court had the right and power to so charge the property was in effect decided by this court in the case of *In re Moore*, 96 Cal. 522.

2. It is further contended that when the property of the estate of Michael Connors was distributed to appellants, they took it free and clear of all claims and liens declared against it in the distribution of the former estate, and subject to no other charge than such as was imposed by the last and final decree of distribution to them. In support of this position, sections 1666 and 1908, subdivision 1, of the Code of Civil Procedure are cited.

This contention cannot be sustained. Section 1666 makes the decree conclusive only as to the rights of the heirs, legatees or devisees. It does not in any way relate to or affect the rights of adverse claimants. (*In re Row-*

*land,* 74 Cal. 523; 5 Am. St. Rep. 464.) And the other section cited has no bearing upon the question in hand. It declares that a judgment or order in respect to the probate of 'a will, or the administration of the estate of a decedent, is conclusive as to the will or administration. But no such question arises here.

It follows, in our opinion, that the order appealed from should be affirmed.

SEARLS, C.; and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

GAROUTTE, J., HARRISON, J., PATERSON, J.

Hearing in Bank denied.