[No. 15915.   In Bank.—December 4, 1895.]

IN THE MATTER OF THE GUARDIANSHIP OF THE ESTATES OF GUSTAVE H. BEISEL ET AL., MINORS.

GUARDIANSHIP — SETTLEMENT OF ACCOUNTS OF MOTHER WITH MINORS — ADULT CHILD IMPROPERLY INCLUDED—UNPROFITABLE INVESTMENT— SALE PROCURED BY ADULT CHILD—DIFFERENT MODES OF ACCOUNTING. Where the estate of a decedent was distributed one-half to his widow, and the other half to the three minor children, and the widow, as mother of the minor children, without letters of guardianship, took charge of the persons and estates of the minors, and with the money belonging to the minors purchased real estate for their benefit in good faith, which was afterward sold at a loss, upon the settlement of a subsequent legal guardianship of two of the minor children, the other child being an adult daughter, for whom no guardian was ever appointed, and who had become of age before the property was sold and who had brought an action for partition and procured the sale thereof, and voluntarily accepted her share of the proceeds of the sale, and who was not a formal party to the accounting with the two minor children, should not be included in the accounting with them, and any accounting had with her should be settled upon a different basis from the accounting with them, she not being entitled to be credited, as are the minors, with one-third of the original sum received from the estate of their father with interest thereon, but only with her one-third of the proceeds of the sale; and no items of credit or charges to her should appear in the accounting with the minor children.

ID. — ALLOWANCE TO MOTHER AS QUASI GUARDIAN — MAINTENANCE OF MINORS—EXPENDITURES — TRUST —ACCOUNTING IN EQUITY. — Where

the mother of minor children has acted in good faith for their benefit without letters of guardianship, she is chargeable in equity as a *quasi* guardian, or trustee of their estates, and an accounting and settlement of such trust, after the issuance of letters of guardianship, is in the nature of an accounting in equity, to be determined upon equitable principles; and the court has jurisdiction in such accounting to allow reasonable and proper credits to her for maintenance of the minor children, and for expenditures incurred on their account, prior to the letters of guardianship.

ID.—ALLOWANCE OUT OF PROPERTY OF MINOR—INCOME—PRINCIPAL.—A court of equity will allow all reasonable payments for the maintenance and education of an infant made by the person in whose hands his property is held, out of the income of the property, if his father is dead or unable to support him; and where the income is insufficient for his maintenance and education, equity will break into the principal.

ID.—ALLOWANCE TO MOTHER FOR PAST MAINTENANCE—SEPARATE ESTATE —CRITERION.—A mother will be allowed in equity for the past maintenance of her children, from the death of the father, out of the estate of the children, though she has a separate estate; and the criterion for determining whether a past maintenance should be allowed to her is whether a chancery court would have authorized it in advance.

ID.—ACCOUNTING OF TRUST—STATUTE OF LIMITATIONS.—In the accounting and settlement of a voluntary trust with the mother as *quasi* guardian of minor children, the expenditures made by her for the benefit of the children must be deemed in equity as having been made out of their funds, and as constituting an equitable offset to the liability of the trustee who could not plead the statute of limitations in defense to the liability; and it cannot be objected that an allowance for their maintenance and for expenditures incurred for them prior to letters of guardianship is barred by the statute of limitations.

ID.—DISCRETION AS TO AMOUNT OF ALLOWANCE.—The amount of an allowance for maintenance of minor children is in the discretion of the court, and will not be disturbed upon appeal where no abuse of discretion appears.

ID.—PRIOR ALLOWANCE DURING LEGAL GUARDIANSHIP—FURTHER ALLOWANCE UPON ACCOUNTING OF TRUST.—The fact that there was an allowance during the existence of a legal guardianship, out of the money in the hands of the guardian, for the support of the minor children by the mother, does not preclude a further allowance to her upon an accounting by her of her trust during the preceding years in which she is charged with the principal sum received by her as the children's share of the estate of their deceased father, with interest thereon.

ID. — EXPENDITURES UPON REAL ESTATE OF MINORS.—Where the minors are credited in the account of the *quasi* guardianship with their full share of the rents of real estate belonging to them, they are justly chargeable with their proportion of the expenditures incurred by their mother, in good faith, in the improvement of the property, and in the payment of necessary expense for taxes, insurance, and repairs.

ID.—ALLOWANCE OF ATTORNEY'S FEES—DISCRETION.—The allowance of a reasonable amount of attorney's fees to the mother of the children is within the discretion of the court.

ID.—PROBATE COURT—ACCOUNTING OF TRUST IN EQUITY—JURISDICTION— WAIVER OF OBJECTION.—Where the accounts of the mother as *quasi* guardian of the children prior to the letters of guardianship are settled in the probate court, and all objections to its jurisdiction are expressly waived at the hearing, although the account was entitled in the matter of the guardianship of the estates of the minors, the accounting is in its nature an accounting in equity by the mother of the minors as trustee of their estates, and will be upheld and treated as such upon appeal.

ID.—SETTLEMENT OF ACCOUNTS OF MOTHER WITH MINORS.—In the settlement of the accounts of the mother with the minors each minor should be credited with his share of the principal of the moneys received by the mother, and interest thereon, and also with his share of the proceeds of the sale of personal property, and of the rents of the real estate, and the mother should be credited with the share of each minor in the whole expense incurred by her in respect of his proportionate share, and with his share of the allowance made by the court for the support of the minors, both prior and subsequent to the guardianship, and with his proper share of attorney's fees allowed by the court, and she should also be credited with the sum paid to the guardian of each minor on account of proceeds of the sale of the house and lot in which she had invested the funds of the minors, and any payments made by her to the estate of the minors.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the accounts of the mother of minor children in the matter of the guardianship of their estates.　J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Otto Tum Suden,* for Appellant:

A testamentary guardian cannot act until he qualifies, and until then his acts are void. (*Aldrich* v. *Willis,* 55 Cal. 81.) Conceding that the probate court is the proper forum for the settlement of Mrs. Sherrer's account as guardian *de son tort* of both minors, when she essays such an account she should make it on her own behalf, covering the period only to the date when she was legally appointed and qualified. (*In re Estate of Thompson,* 101 Cal. 349; *In re De Leon's Estate,* 102 Cal. 537.)

*Shadburne & Herrin,* for Respondent.

As all the parties here expressly acquiesced in the jurisdiction of the probate court to hear and settle the

account, it thereby became a court of equity for such purpose. (*In re Estate of Thompson*, 101 Cal. 349; *In re De Leon's Estate*, 102 Cal. 537.) The amount to be granted to a widow of a decedent for the support of herself and minor children is within the discretion of the probate court, and its action in making the allowance will not be disturbed upon appeal, unless an abuse of discretion is clearly shown. (*In re Lux*, 100 Cal. 594.) The statute of limitations does not begin to run against a creditor until his claim has become absolute and enforceable by action. (*Ex parte Rogers*, 63 N. C. 110; Wœrner's American Law of Administration, 848, 1268.)

THE COURT.—After rehearing of this cause the opinion of Commissioner Vanclief, heretofore filed, is adopted as the opinion of the court down to paragraph 4, in place of which, and of the judgment of the department, the following is substituted:

4. Errors in the statement and settlement of respondent's account have resulted from the manner in which the debts and credits of the two minors have been mingled with each other and with the account of Emma N. Beisel. She is not formally a party to the proceeding, and the court does not appear to have acquired jurisdiction to make a decree binding upon her. But, if she has made herself a party to the settlement, or shall hereafter become a party, her account should be settled upon a different basis from that of the two minors. That is to say, she is not entitled to be credited with one-third of the original $4,007 and interest, for the reason that she has elected to take and has actually received her third of the proceeds of the sale of the house in which that money was invested.

As to the two minors, the account with each should be stated and settled separately as follows: The respondent in each account should be charged with one-third of cash:

Principal ................................$4,007.00

```
Interest ...................................  1,800.19
From sale of personalty........$  618.00
From rents of realty........... 1,987.00
                              _____
Total........................$2,605.00
Half of which belongs to minors............ 1,302.50
                                          _____
Making a total of...........................$7,109.69
One-third of which is...................... 2,369.89
    In each account she should be credited with
One-sixth of the whole expense of property...$  710.00
One-half of support of minors for 52 mos..... 1,040.00
One-half of family allowance for two years and
    one month..............................    500.00
And one-half attorney's fee.................     50.00
                                           _____
                                           $2,300.00
```

Besides this, in her account with George D. Beisel, she should be credited with $1,218, or whatever other sum or sums she has paid the guardian of his estate on account of proceeds of sale of house and lot, or otherwise.

The judgment is reversed and cause remanded for further proceedings in accordance with the views herein expressed.

The following is the portion of the opinion rendered in Department One on the 27th of June, 1895, which is adopted by the court in Bank:

VANCLIEF, C.—This is an appeal by the guardian of the estate of George D. Beisel, a minor, from judgment of the superior court settling an account of Caroline Sherrer, the mother of Gustave H. Beisel and George D. Beisel, minors, and Emma N. Beisel, now of lawful age, with the estates of the minor children.

Caroline Sherrer, formerly Caroline Beisel, was the widow of Jacob Beisel, deceased, whose estate was distributed September 1, 1887, one-half to his widow and the other half to her three minor children. The property thus distributed to the minor children consisted of

$4,007 in money, and a half interest in certain real estate, consisting of tannery property.

There was no legal guardianship of the estates of either of the minor children until the thirteenth day of May, 1892, when letters of guardianship of the persons of Gustave H. and George D. Beisel, and of the estate of Gustave H. Beisel, were granted to Caroline Sherrer, and at the same date F. W. Van Reynegom was appointed as guardian of the estate of George D. Beisel.

Between the time of the distribution of the estate of Jacob Beisel, in 1887, and the issuance of the letters of guardianship, in 1892, the mother of the minor children took charge of the persons and estates of the minors, and with the money belonging to the minors purchased certain real estate on Capp street, in the city and county of San Francisco, for their benefit, taking the conveyance in her name, in trust for them. The rental value of this property was about $360 per year, and Mrs. Sherrer expended on it about $600 in repairs and street work, besides taxes.

In September, 1892, Emma N. Beisel, having arrived at full age, brought an action for partition of the real estate thus purchased, and procured a sale thereof, the proceeds of which netted only $3,654. One-third of that sum, amounting to $1,218, was paid to Emma N. Beisel, and a like sum distributed, returned, and inventoried in each of the estates of the minor children, besides one-sixth interest of each in the tannery property. Thereafter, on the 20th of January, 1894, the superior court made an order in the matter of the estates of both minors, allowing to Caroline Sherrer the sum of $20 per month for the support and maintenance of each of them, from and after the twentieth day of January, 1892, which allowance was paid, one-half from each estate.

On the twenty-first day of February, 1894, Caroline Sherrer presented to the superior court for settlement, in the matter of both of the estates of her minor children, an account embracing the entire period of her

management of the property of all of her children, charging herself with the entire $4,007 distributed to them from their father's estate, with legal interest thereon, from September, 1887, to February, 1894, amounting to $1,800.19, with half of personal property sold in the sum of $309, and with half the rents of the tannery property in the sum of $993.50, making an aggregate of $7,109.69. She claimed credit, on the other hand, for one-half of the expenditures and improvements, on account of the tannery property, in the sum of $2,130, including therein one-half of large expenditures in the building of cottages, grading, house moving, taxes, insurance, water rates, plumbing, sewer, and other items of expenditure on account of the property. She also claimed credit for support of the boys, at the rate of $20 per month, for the period of four years and four months from September, 1887, prior to the allowance made by order of the court, aggregating the sum of $2,080, and a credit of $720 for support of Emma N. Beisel during her minority, for a period of three years at the same rate, besides credits of $1,000 under the allowance before made by the court; $100 for attorney's fees; and $500 for compensation for her services as guardian. The total of credits claimed in the account aggregated $6,530.48. The account, as presented, states a balance due from Mrs. Sherrer to the minors of $571.

The court found that there was no bad faith in the management of the estate, and that Mrs. Sherrer should be charged with the sum of $4,007, and annual interest at seven per cent, and that she should be credited with the amounts returned into court to the credit of each of the minor children from the proceeds of the sale of the Capp street property.

The court further found that the account was supported by evidence and proper vouchers, and allowed the same in all respects, save the item of $500 for compensation of guardianship, which was rejected as premature, the guardianship not being yet terminated; and the account was settled by allowing a credit of the resi-

due of the money in the hands of both guardians, amounting to $1,216, $658 being in the hands of F. W. Van Reynegom as guardian of the estate of George D. Beisel, and $558 in the hands of Caroline Sherrer, as guardian of the estate of Gustave H. Beisel.

1. An error is apparent in the account in including charges and credits on account of Emma N. Beisel, who was not a party to the accounting. Mrs. Sherrer has charged herself with $2,369.89 too much on account of Emma N. Beisel's one-third interest in the sum of $7,109.69, accounted for by Mrs. Sherrer. It is unnecessary to decide whether Emma N. Beisel is estopped by her proceeding in partition from claiming any further allowance from her mother on account of her share of the original $4,007, and interest thereon, in addition to the sum of $1,218 obtained by her upon sale of the Capp street property, as the result of her suit in affirmance of the purchase of that property for her benefit. It is sufficient to say that, not being a party to this accounting, no items, either of credit or charge to Emma N. Beisel, should appear in the account. The items credited to Mrs. Sherrer on account of Emma N. Beisel's one-sixth of the improvements and expenditures on the tannery property amount to $710. The sum of $720 is charged for her board for three years. These items, deducted from the $2,369.89, leave a balance of account in favor of Emma N. Beisel in the sum of $939.89. There is no deduction in the account for the $1,218 paid to Emma N. Beisel; and the two minor children are credited in the settlement with the aggregate balance of the whole account, after deducting only the $500 for compensation of Mrs. Sherrer, as guardian, and crediting the remainder of the funds in the estates of the minors. The minors were thus benefited in the sum of $939.89, to which they were not entitled. This error is against the respondent, and could not be ground for reversal upon this appeal; yet it is proper to notice it, in view of the contention of appellant that the court erred in allowing, as against the minor children, the items in the account for board of

Emma N. Beisel, and for her share of expenditures of the tannery property. This contention is correct; but the error is without prejudice to the appellant, since the estate of George D. Beisel is profited by one-half of the balance of error of $939.89, with which Mrs. Sherrer is charged in the settlement with the two minors, on account of her having charged herself with Emma N. Beisel's interest in the estate of Jacob Beisel, deceased, without the allowance of any credit for the $1,218 paid to her.

2. Appellant contends that there was no warrant for an allowance by way of credit to Mrs. Sherrer for maintenance of the minor children during the time when there were no letters of guardianship upon their estates. But she is chargeable in equity as a *quasi* guardian or trustee of their estates, and the accounting must be deemed in the nature of an accounting in equity, and determined upon equitable principles. The court finds in substance that the action of Mrs. Sherrer, as the mother of the children, was *bona fide;* and it had jurisdiction to allow reasonable and proper credits to her for their maintenance and for expenditures incurred on their account. A guardian *de facto,* who is not a guardian *de jure,* will be held to account in equity only upon equitable principles, and will be allowed for all proper disbursements for the benefit of the ward. (*Peale* v. *Thurmond,* 77 Va. 753.) "The rule is that where an infant has property of his own, and his father is dead, or is not able to support him, he may be maintained and educated out of the income of property absolutely his own, by the person in whose hands the property is held; and a court of equity will allow all payments made for this purpose which appear upon investigation to have been reasonable and proper." (Schouler on Domestic Relations, sec. 238.) Where the income is insufficient for the maintenance and education of a child, equity will break into the principal. (*Barlow* v. *Grant,* 1 Vern. 255; *Bridge* v. *Brown,* 2 Younge & C. 181; *Ex parte Green,* 1 Jac. & W. 253; *Newport* v. *Cook,* 2 Ashm. 332; *Osborne*

v. *Van Horn,* 2 Fla. 360.)   A mother will be allowed in equity for the past maintenance of her children, from the death of the father, out of the estate of the children, though she has a separate estate.   (*Wilkes* v. *Rogers,* 6 Johns. 567, 589, 593; *Gladding* v. *Follett,* 2 Demarest, 58; *Aynsworth* v. *Pratchett,* 13 Ves. 320; *In re Besondy,* 32 Minn. 385; 50 Am. Rep. 579; *Osborne* v. *Van Horn, supra.*)   The criterion for determining whether a past maintenance should be allowed is whether a chancery court would have authorized it in advance.   (*Alston* v. *Alston,* 34 Ala. 27.)

Appellant objects that the allowance for maintenance of the children prior to the accounting was barred by the statute of limitations.   But the accounting was of a voluntary trust, and no allowance to a trustee for expenditures properly incurred during the administration of the trust can be considered as barred by the statute of limitations.   The expenditures made for the benefit of the children must be deemed in equity as having been made out of their funds, and as constituting an equitable offset to the liability of the trustee, who could not plead the statute of limitations in defense to the liability.   The credits are no more barred by the statute than is the charge against the trustee.   It would be inequitable to hold the mother to account for principal and interest of the sums received by her from the estate of her husband for the benefit of the minor children for nearly six and a half years, and to allow her no offset for maintenance of the children, and for expenditures made in good faith for their benefit during that period.

No abuse of discretion appears as to the amount of the allowance for maintenance of the children.   Nor did the fact of the allowance for two years out of the $2,436 paid into court, as the proceeds of the Capp street property, preclude a further allowance upon an accounting by Mrs. Sherrer of her trust during the preceding years, in which she is charged with the principal sum received by her as the children's share of the estate of

their deceased father, in September, 1887, with interest thereon until February, 1894.

The minors are credited in the account with their full share of the rents of the tannery property, and they are justly chargeable with their proportion of the expenditures incurred by their mother in good faith in the improvement of that property, and in the payment of necessary expenses for taxes, insurance, and repairs. The allowance of attorney's fees was in the discretion of the court, and was reasonable in amount.

3. The jurisdiction of the court to settle the account of the mother with her two minor children was assailed in the objections of appellant to the account, but all objections to the jurisdiction were expressly waived at the hearing. Although the account was entitled "In the Matter of Guardianship of the Estates of Gustave H. Beisel and Geo. D. Beisel, Minors," the accounting was in its nature an accounting in equity by the mother of the minors as trustee of their estates. (*Estate of Thompson*, 101 Cal. 349; *Estate of De Leon*, 102 Cal. 537.)

Searls, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded with instructions to modify the judgment in accordance with this opinion.

Van Fleet, J., Garoutte, J., Harrison, J.