[Sac. No. 2246.  In Bank.—November 29, 1915.]

In the Matter of the Estate and Guardianship of SAMUEL T. CLANTON, an Incompetent Person.  E. J. CLANTON et al., Appellants, v. W. T. CRITESER, Respondent.

GUARDIANSHIP OF INCOMPETENT PERSON—SETTLEMENT OF ACCOUNT OF GUARDIAN—HEIRS OF INCOMPETENT ENTITLED TO APPEAL.—The heirs of a deceased incompetent person are entitled to appeal from an order settling the account of the guardian of the incompetent, notwithstanding that there is an administrator appointed of the estate of the incompetent.

ID.—ALLOWANCE TO GUARDIAN—PAYABLE OUT OF ESTATE OF DECEASED WARD —LIEN.—In a proceeding to settle the accounts of the guardian to which the administrator of the estate of the deceased ward is a party, the proceeding being of an equitable nature, the court has authority to decree that the lien for advances from his own funds for the benefit of the ward shall follow a sale of the interest of decedent in certain land in the probate court, and shall attach to the proceeds of such sale, and to decree that the money shall be repaid out of such proceeds.

ID.—PRESENTATION OF CLAIM BY GUARDIAN TO ADMINISTRATOR.—The guardian of a deceased incompetent person is not required by section 1493 of the Code of Civil Procedure to present his claim to be allowed on the settlement of his accounts, in the guardianship matter, to the administrator of the deceased incompetent person, and the only question is to ascertain the amount due to the guardian, where the existence of the claim, and the possession by the administrator of the property of decedent or its proceeds against which the lien in favor of the guardian exists, is admitted.

ID.—ALLOWANCE FOR PROPER EXPENSES NOT PREVIOUSLY AUTHORIZED.— It is proper for the court to allow such items of expenditure, made by the guardian without previous order of court authorizing them, as it would have been proper for the court to authorize in advance.

Id.—Allowance for Services of Nurse.—It is proper to allow to the guardian the amount which he contracted to pay to his wife for services in nursing the incompetent.

Id.—Allowance for Expenses of Settling Account—Attorneys' Fees.—An allowance to the guardian for the expenses incurred in settling the account, including attorneys' fees in the discretion of the court, was properly made.

APPEAL from an order of the Superior Court of Yolo County settling a final account. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

W. A. Anderson, A. G. Bailey, and G. Clark, for Appellants.

H. L. Huston, for Respondent.

MELVIN, J.—This is an appeal from an order of the superior court settling the final account of W. T. Criteser, as guardian of the estate of Samuel T. Clanton, an incompetent. After the death of the ward, the respondent presented his final account for settlement. The appellants, who are either heirs or assignees of heirs, filed a contest, which was heard and the court decided adversely to the contentions of the contestants.

Submitted with the appeal from the order is a motion to dismiss the said appeal upon the grounds and for the reasons that appellants failed to serve upon the administrator of the estate of Samuel T. Clanton, deceased, or upon his counsel, their proposed bill of exceptions or a copy of the engrossed bill or a copy of the transcript on appeal. Upon consideration of the appeal upon its merits we are compelled to affirm the judgment. It is unnecessary, therefore, to review the arguments and authorities presented in the discussion of the motion to dismiss the appeal. It is sufficient to say that we think the motion should be denied and it is so ordered.

Objection was also made to a consideration of this appeal upon the ground that the transcript does not show that the contestants were heirs or vested with the rights of heirs, but a supplement to the transcript, which the court permitted the appellants to file, contains a finding completely covering this matter.

Respondent insists that the heirs, as such, have no standing, because a settlement of the guardian's account with the administrator is conclusive upon them. He quotes certain language from *Livermore* v. *Ratti,* 150 Cal. 464, [89 Pac. 327], as follows: ''The proceedings to settle the account of a guardian instituted after the ward has arrived at full age, or after the ward has deceased, is one in which no persons are directly interested except the guardian, on the one hand, and the ward, or his legal representative, on the other.'' The court was not considering, in that case, the capacity of heirs to contest a final accounting of a guardian, but the necessity of having an executor or an administrator of the dead ward's estate in existence to receive service of notice of the time and place of settlement of the guardian's account, and the validity of the order settling such account, if, while the notice was being posted, there was no executor or administrator. The question of the right of the heirs, as owners of the estate of the deceased ward, to intervene and contest the account, was not involved or decided. They unquestionably have the right to so intervene, since they are the real parties in interest and their interest is opposed to the guardian's claims. Our attention is called also to the following language of this court in the opinion in *Matter of the Guardianship of Sullivan,* 143 Cal. 465, [77 Pac. 153]: ''As such a person she [one of the heirs of the incompetent] has no interest recognized by the law. The fact that she was an heir-apparent of the alleged incompetent gave her no legal interest in the property of the incompetent.'' The language quoted has no application here. The court was considering whether or not Mrs. Sullivan's daughter was an adverse party in an appeal of the mother from an order appointing a guardian. The daughter had been the original petitioner for letters of guardianship, but had withdrawn that part of the petition in which she requested that she should be appointed. The court very properly held that she was not an interested party. The quoted language had reference to her alleged interest as an ''heir-apparent.'' These appellants are *heirs* of a deceased person and as such have an interest in the question whether the administrator shall receive a large or a small amount of property from the guardian. We find no merit in the contention that they have no standing in this appeal as parties in interest.

Appellants are of the opinion that the court erred in making an order that the amount found due the guardian should be paid out of any moneys which the administrator might have in his hands. The court found (and the finding is undisputed) that the real property described in the account was on the date of the death of Samuel T. Clanton, the incompetent, in the hands of one W. Martin under a written lease from the guardian. This real property, it may be said, constituted virtually all of the estate. The other assets need not be considered here. It was found that the court made an order authorizing the administrator to sell "the interest of the estate" in the said real property, and that such interest was sold and the sale was confirmed, the amounts paid on said sale passing into the hands of the administrator. There were further findings that, "at said sale only the right and interest of the said Samuel T. Clanton in said real property at the time of his death, was sold; it is untrue that said sale was free and clear of any claims whatsoever of the said guardian; that said guardian has not and has never had any claim against the said Samuel T. Clanton, personally." Appellants say that this finding may not stand, because the evidence showed an ordinary probate sale. But every probate sale is a sale only of the interest of the deceased at the date of his death. Appellants are of the opinion that the sale deprived the guardian of all right to payment from the proceeds. By the sale and the surrender of the property, first by the guardian to the administrator and then by the latter to the purchaser, the guardian's lien on the property according to the theory of appellants was destroyed, and such lien, they say, may not be extended to the assets. Appellants seem to admit that if the guardian had in his possession the property which he administered, or if the estate of the decedent still possessed it, then "it might be contended that an order made by this court would be effectual to charge such estate." Undoubtedly proceedings by the guardian for the settlement of his accounts are *in rem* and not against the person of the ward as such. (*Estate of Kincaid,* 120 Cal. 205, [52 Pac. 492]; *Estate of Boyes,* 151 Cal. 151, [90 Pac. 454].) But the guardian in this proceeding was not seeking a personal judgment. He was insisting that the lien upon the real property for the amount of his advances should extend to the proceeds of the sale of the said realty. If that fund were

insufficient to pay his claims as guardian, he would have no deficiency judgment which he might enforce against any property that might come into the hands of the administrator from sources other than the estate of the incompetent. But we see no reason why his equitable lien may not extend to the fund resulting from the sale of the interest of the decedent in the land. It must be remembered that this is an equitable proceeding. (*In re Beisel's Estate,* 110 Cal. 275, [40 Pac. 961, 42 Pac. 819]; *Estate of Moore,* 96 Cal. 528, [31 Pac. 584]; *Estate of Clos,* 110 Cal. 501, [42 Pac. 971]; *Estate of Clary,* 112 Cal. 294, [44 Pac. 569].) There could be no sale by the guardian of his ward's land after the latter's death. Section 1770, Code of Civil Procedure, relates to the sale only of the property of a living ward. (*Estate of Livermore,* 132 Cal. 100, [84 Am. St. Rep. 37, 64 Pac. 113].) It is the guardian's duty after the death of the ward to settle his account with the court or with the administrator (Code Civ. Proc., sec. 1754, subd. 3). To be sure, the provisions of that section refer to obligations which may be enforced under the guardian's bond, but they accurately define the duties of the guardian. The court of equity having the entire matter before it, could declare the existence of the lien upon the proceeds of the sale of the land, and could direct the payment of the amount due the guardian out of that sum.

Next, it is argued that the guardian waived his recourse against the estate of his ward because he failed to present any claim against the estate of the deceased Samuel T. Clanton. Appellants find an analogy between a claim of this sort and that of a surviving partner which under the decisions must be presented to the executor or administrator. (Citing *McKay* v. *Joy,* 2 Cal. Unrep. 639, [9 Pac. 940].) There is no proper analogy between the two cases. The claim of the plaintiff in the case cited was, as is indicated in the opinion, a claim arising out of a contract, and one, therefore, which must be duly presented to the executor or administrator for allowance. (Code Civ. Proc., sec. 1493.) While it is true that the relation of guardian or administrator to the ward, the heirs, and the estate is one of contractual nature (*Estate of Kincaid,* 120 Cal. 205, [52 Pac. 492]), and that a liability of one to the other growing out of such a relation is a contractual liability, it does not follow that unless a claim against

the estate of the deceased be filed, the guardian of the incompetent waives all recourse.

The guardian is not asking a personal judgment. He could not obtain one if he were. (*Estate of Boyes,* 151 Cal. 151, [90 Pac. 454]; *Estate of Kincaid,* 120 Cal. 205, [52 Pac. 492].) All that he can obtain on the settlement of such account is an order declaring his claim for overpayment a charge against the estate of the ward and directing its payment out of any moneys on hand belonging to the ward. That he has a right to have such charge or lien declared is settled. (*Estate of Moore,* 96 Cal. 530, [31 Pac. 584]; *Finnerty* v. *Pennie,* 100 Cal. 407, [34 Pac. 869]; *Estate of Boyes,* 151 Cal. 151, [90 Pac. 454].) This being the case, he has the further right, under section 1500, Code of Civil Procedure, to obtain this relief in the proceeding for the accounting, without having filed or presented a claim against the estate. He need not waive recourse against other property, as that section provides, for he has no claim against the other property. We conclude, therefore, that the guardian was not required to present a "claim" as contemplated by section 1493 of the Code of Civil Procedure. In *Rogers* v. *Schlotterback,* 167 Cal. 52, [138 Pac. 728], it was held that property impressed with a trust or that property's equivalent in a new form, when traced into the estate and so into the hands of the personal representative of the deceased trustee, may be subjected to the satisfaction of the obligations due to the beneficiary, even though no claim against the estate has been previously presented. The same rule applies to property impressed with the lien of a guardian. In this proceeding, the administrator admitted the existence of the guardian's claims, and the possession by the decedent's estate of the proceeds of the real property. It only remained for the court to scrutinize the account of the guardian and to try the objections of the heirs in this proceeding. As a court of equity it thus administered justice without a multiplicity of actions.

Some of the items of the account approved by the court were for expenditures without formal allowance previously made by the court. Under our liberal system, if the expenditures of the guardian have been just and equitable, they will be allowed regardless of the obtaining or failure to secure orders of the court authorizing them. "The criterion for determining whether a past maintenance should be allowed is

whether a chancery court would have authorized it in advance." (*In re Beisel's Estate,* 110 Cal. 276, [40 Pac. 961, 42 Pac. 819].) The same rule is declared in *Estate of Boyes,* 151 Cal. 155, [90 Pac. 454]. We are bound to hold that the expenditures for which the guardian was given credit were equitable and just charges against the estate of the incompetent, because the findings of the court were in favor of the account, and there is no contention that the findings are not supported by the evidence. The court did not err in making allowance for expenditures made without previous authority.

Objection was made by appellants to the allowance to the guardian of a sum by way of compensation of Laura T. Criteser, his wife, for services rendered by her in nursing the incompetent. Her claim was one against the guardian, with whom she contracted. His was against the ward's estate for the obligation which he had incurred. (*McKee* v. *Hunt,* 142 Cal. 527, [77 Pac. 1103].)

It was proper for the court to allow the expenses incurred in the settlement of the account, including the fees of the attorney for the guardian. They may be classified as "reasonable expenses incurred in the execution of his trust." (Code Civ. Proc., sec. 1776.) The allowance of the fees of the attorney was in the discretion of the court. (*In re Beisel's Estate,* 110 Cal. 277, [40 Pac. 961, 42 Pac. 819].)

No other matters require discussion.

The order from which the appeal is taken is affirmed.

Shaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.