[L. A. No. 11370.   In Bank.—April 8, 1930.]

In the Matter of the Estate of CHARLOTTE SCHLUTER, Deceased.   ADELAIDE MOORE, Respondent, v. WILLETTA REYNOLDS, Executrix, etc., Appellant.

George Acret for Appellant.

Davis & Thorne, Leland S. Davis and Lester C. Thorne for Respondent.

PRESTON, J.—Appeal from an order of the Superior Court of Los Angeles County subjecting assets of an estate of a ward to a charge and lien in favor of her guardian.

Said ward named appellant as executrix of her estate under a last will and testament dated July 20, 1926, and she also established a joint bank account with right of survivorship in the names of herself and appellant. Appellant also had possession of certain of her personal property which was located in Los Angeles County, where she resided. Later said ward removed temporarily to Monterey County and under proceedings instituted in the Superior Court there, respondent was appointed guardian of her person and estate and went into actual possession of certain other personal property consisting of some valueless stock and a few articles of wearing apparel.

Said ward died on December 12, 1926, in Monterey County, although still a resident of Los Angeles County. Appellant was thereupon duly appointed executrix under said will. She thereafter caused publication of first notice to creditors to be made on February 3, 1927. Said guardian, proceeding meanwhile in Monterey County, presented to the Superior Court there her final account and on April 7, 1927, that court made an order settling the account and allowing her, as a charge and lien against the property and estate of said decedent, the total sum of $1150.08, covering $775.08, items paid out by her both before and after her appointment as guardian for the support and maintenance of said ward, together with $200 for her services and $175 on account of attorney's fees. During the month of September, 1927, said guardian presented her claim for said amount supplemented by a copy of the order made by the Monterey County court, to said executrix, who promptly rejected it. Thereafter said guardian filed in the probate proceeding in Los Angeles County a motion for an order to subject the assets of the estate to said charge. Said executrix resisted the motion upon the ground first, that the claim was filed several months after the time had expired within which claims could be filed against the estate and, second, that the court was without jurisdiction to subject the estate to the said lien. Upon the hearing the Superior Court of Los Angeles County made its order subjecting the assets of said estate to a first lien in favor of respondent for the sum of $1260.07, from which appellant, as said executrix, prosecutes this appeal.

■ Was the guardian in this action required to present a claim against said estate as contemplated by section 1493 of the Code of Civil Procedure?

The case of *Estate of Clanton*, 171 Cal. 381 [153 Pac. 459, 461], respondent claims, announces the rule applicable to property impressed with the lien of a guardian—that it may be traced into the estate and may be subjected to the satisfaction of obligations due the beneficiary and the guardian will not, by failing to present a claim, be held to have waived his recourse against the estate of his ward. In this behalf the court there said:

"Next, it is argued that the guardian waived his recourse against the estate of his ward because he failed to present

any claim. . . . While it is true that the relation of guardian or administrator to the ward, the heirs, and the estate is one of contractual nature (*Estate of Kincaid*, 120 Cal. 205 [52 Pac. 492]), and that a liability of one to the other growing out of such a relation is a contractual liability, it does not follow that unless a claim against the estate of the deceased be filed, the guardian of the incompetent waives all recourse. The guardian is not asking a personal judgment. He could not obtain one if he were. (*Estate of Boyes*, 151 Cal. 151 [90 Pac. 454]; *Estate of Kincaid, supra.*) All that he can obtain on the settlement of such account is an order declaring his claim for overpayment a charge against the estate of the ward and directing its payment out of any moneys on hand belonging to the ward. That he has a right to have such charge or lien declared is settled (*Estate of Moore*, 96 Cal. 530 [31 Pac. 584]; *Finnerty* v. *Pennie*, 100 Cal. 407 [34 Pac. 869]; *Estate of Boyes, supra*). This being the ʻcase, he has the further right, under section 1500 of the Code of Civil Procedure, to obtain this relief in the proceeding for the accounting, without having filed or presented a claim against the estate. . . . In *Rogers* v. *Schlotterback*, 167 Cal. 52 [138 Pac. 728], it was held that property impressed with a trust or that property's equivalent in a new form, when traced into the estate and so into the hands of the personal representative of the deceased trustee, may be subjected to the satisfaction of the obligations due to the beneficiary, even though no claim against the estate has been previously presented. The same rule applies to property impressed with the lien of a guardian. . . . ''

██ That it was also within the power of the court to authorize reimbursement of all sums rightfully expended by said guardian on behalf of said ward and to allow her the full amount to which equity entitles her is also plain for in the above cause the court further said: ''Some of the items of the account approved by the court were for expenditures without formal allowance previously made by the court. Under our liberal system, if the expenditures of the guardian have been just and equitable, they will be allowed regardless of the obtaining or failure to secure orders of the court authorizing them. ʻThe criterion for determining whether a past maintenance should be allowed is whether a

chancery court would have authorized it in advance.' (*In re Beisel's Estate*, 110 Cal. 276 [40 Pac. 961, 42 Pac. 819].) The same rule is declared in *Estate of Boyes*, 151 Cal. 155 [90 Pac. 454]."

Appellant, however, strenuously objects to application of the above ruling in this action, contending that the case is distinguishable upon the facts from the case at bar, in that it concerns only property which was in the constructive possession of the guardian while the case at bar concerns property over which the guardian never had any claim of right whatsoever. The Clanton case was a proceeding of an equitable nature brought to settle the account of a guardia'n after death of his ward. Virtually all of the estate consisted of real property which, having been surrendered by the guardian, the court authorized the administrator of the ward's estate to sell, the proceeds of sale passing to said administrator. Refuting the contention there made that, the surrender of said property and its sale destroyed the lien of the guardian because such lien could not be extended to the fruits of the sale, the court held: "Appellants seem to admit that if the guardian had in his possession the property which he administered, or if the estate of the decedent still possessed it, then 'it might be contended that an order made by this court would be effectual to charge such estate.' Undoubtedly proceedings by the guardian for the settlement of his accounts are *in rem* and not against the person of the ward as such. (*Estate of Kincaid*, 120 Cal. 205 [52 Pac. 492]; *Estate of Boyes*, 151 Cal. 151 [90 Pac. 454].) But the guardian in this proceeding was not seeking a personal judgment. He was insisting that the lien upon the real property for the amount of his advances should extend to the proceeds of the sale of the said realty. If that fund were insufficient to pay his claims as guardian, he would have no deficiency judgment which he might enforce against any property that might come into the hands of the administrator from sources other than the estate of the incompetent. But we see no reason why his equitable lien may not extend to the fund resulting from the sale of the interest of the decedent in the land. It must be remembered that this is an equitable proceeding (citing cases). . . . There could be no sale by the guardian of his ward's land after the latter's

death. . . . It is the guardian's duty after the death of the ward to settle his account with the court or with the administrator (Code Civ. Proc., sec. 1754, subd. 3). To be sure, the provisions of that section refer to obligations which may be enforced under the guardian's bond, but they accurately define the duties of the guardian. The court of equity having the entire matter before it, could declare the existence of the lien upon the proceeds of the sale of the land, and could direct the payment of the amount due the guardian out of that sum.''

Therefore, considering the last-mentioned contention of appellant herein, and as the views above set forth make it plain that respondent could succeed in tracing into said estate and impressing with her lien as a guardian such property of her ward as was actually or constructively in her possession, we are left with the question of whether the entire estate of said ward, which included money turned into the estate from said joint bank account, situate within the state of California, was by reason of said guardianship proceedings placed in the constructive possession of said guardian.

Section 1765 of the Code of Civil Procedure provides that a lawfully appointed guardian has the care and custody of the person of his ward and the management of *all* his estate according to the order of appointment. Unfortunately the transcript does not contain a copy of the order appointing respondent; presumably, however, she was appointed a general guardian. (See secs. 236–239, incl., Civ. Code.) Section 239 provides: ''A general guardian is a guardian of the person or of *all* the property of the ward within this state, or of both.'' In other words, under the showing made by the record, which contains copies of orders made subsequent to said order of appointment by both Monterey and Los Angeles courts and in the absence of any contention to the contrary, we are warranted in concluding that said order of appointment was couched in general terms, entitling respondent to recover the items claimed by her and subjecting not only the Monterey property, which was in her actual possession, but which she surrendered to the estate, but also all the other property of said ward within the state, to a constructive trust in her favor for the amount due, the determination of the Monte-

rey court, under the showing made, with respect to the reasonableness of the sums claimed by respondent being also final and binding upon us in this proceeding.

Under section 1789 of the Code of Civil Procedure, providing that proceedings for settlement of the accounts of guardians and notice required thereof, are the same as those required by the provisions of said code concerning estates of decedents, section 1634 of said code, which provides for final settlement of the accounts of an administrator or executor, becomes applicable in a proceeding of this nature as to the notice required for the settlement of the final account of a guardian and notice must therefore be given for a full period of ten days before the hearing. (*Livermore* v. *Ratti*, 150 Cal. 458 [89 Pac. 237].) That appellant in this case had both actual and constructive notice of respondent's claim long prior to the commencement of said ten-day period, is apparent from the above statement of facts.

The ward's estate consisted of both real and personal property. The proceedings in the Monterey court were instituted prior to the estate proceedings in Los Angeles. From the above pronouncements it, therefore, follows that the former court had jurisdiction to make said order extending respondent's lien to the Los Angeles property and the Los Angeles court acquired jurisdiction thereof subject to restrictions, orders or liens imposed upon it by said Monterey court; hence its action in making the order from which this appeal is taken was proper.

The judgment is affirmed.

Curtis, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.