[Civ. No. 13601. Second Dist., Div. Three. June 24, 1942.]

Guardianship of the Person and Estate of CARRIE F. LEVI, an Incompetent Person. EDNA L. STURGEON, as Guardian, etc., Respondent, v. A. F. LEVY, Appellant.

A. F. Levy in pro. per., for Appellant.

Spray, Davis & Gould for Respondent.

WOOD (Parker), J.—This appeal is from an order appointing a guardian of the person and estate of the mother of appellant.

The petition for appointment of a guardian recited in substance that the alleged incompetent was 88 years of age and unable to care for herself and property and that she had requested in writing that petitioner, her daughter, act as such guardian.

Appellant objected to the appointment of a guardian upon the ground that his mother was well able to care for herself and her property; that an unnatural and mentally ill daughter of the alleged incompetent (not petitioner) persuaded her to deed her whole property to said daughter in trust to be reconveyed upon request. In support of such

objection he filed his affidavit which stated that he had lived with his mother during the past thirteen years and that petitioner, his sister, had seen her about once a month during that time; that his mother was under the complete domination of said mentally ill daughter at all times; that his mother had just returned from a hospital when she signed the request for a guardian and at that time petitioner told her to sign the guardianship paper, then they could get the property back for her and she would not have to go to court.

 Appellant asserts that the order is erroneous for the reasons (1) that the alleged incompetent was not examined by the court at the hearing, and (2) that the finding of the court was based upon testimony of lay witnesses rather than upon medical testimony.

The proceeding was based upon section 1461 of the Probate Code. The alleged incompetent was present at the hearing and had requested in writing that petitioner be appointed guardian of her person and estate. She was not called as a witness or questioned at all except as shown by the following excerpt from the reporter's transcript: "MR. LEVY: Just a moment, if your Honor please, I would like to put my mother on the stand because I want her to testify, it is very important. THE COURT: Well, she has that right I think. Q BY MR. LEVY: Mother, would you want to take the stand and say what you wanted to do whether you want to have a guardian or not? CARRIE F. LEVI: I feel I am getting pretty old and I would rather have some help." It thus appears that appellant was afforded an opportunity to examine the alleged incompetent as a witness and she was granted the privilege of testifying. Under such circumstances it was not a legal requirement that the alleged incompetent should be examined as a witness. In support of his contention that such examination must be had, appellant refers to section 1461 of the Probate Code which provides in part that the alleged incompetent, if able to attend, "must be produced at the hearing, . . ." As an interpretation of the above quoted part of said section, he cites the *Matter of Coburn,* (1913) 165 Cal. 202, 217 [131 Pac. 352], which states that such language relative to producing the alleged incompetent at the hearing "seems to contemplate an examination." He also cites *Guardianship of Waite,* (1939) 14 Cal. (2d) 727, 729 [97 P. (2d) 238], which quotes with approval said state-

ment from the *Matter of Coburn, supra.* The facts in each of said cases were very different from those in the present matter. In the *Matter of Coburn, supra,* the alleged incompetent, over his objection, was called and examined as a witness and the court, in considering the alleged incompetent's claim on appeal that he should not have been compelled to be a witness against himself, made the statement that such language "seems to contemplate an examination."

In the *Guardianship of Waite, supra,* the alleged incompetent requested permission to testify and the court denied the request, stating that the court did not want to hear any lay witnesses.

It therefore appears that these cases do not sustain appellant's contention.

The further claim of appellant that the finding of the court in such a matter must be based upon medical testimony cannot be sustained. There is no such requirement.

In support of his contention that the written consent of the alleged incompetent is ineffectual, he cites *Guardianship of Sullivan,* (1904) 143 Cal. 462 [77 Pac. 153]. In that case it was stated at page 468 that "if it is sufficiently shown by the record that the order in question was purely a consent order, it should be reversed for that reason also." The order appointing a guardian therein was reversed upon other grounds. In the present case, in addition to said written designation of guardian, three daughters testified in substance that the alleged incompetent was about 89 years of age, that she would best be served by a guardian, that she was unable without assistance to care for her property, that she transferred her property consisting of the house where she lived, the furniture therein and another house to a mentally ill daughter, that the daughter to whom the property was conveyed had given the mother much trouble in persuading her to convey the property, that the mother wanted the property returned to her and had attempted to have it returned. In this case there was a full hearing on the merits.

The order is affirmed.

Schauer, P. J., and Shinn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 20, 1942.