644

[Civ. No. 14192. Second Dist., Div. Two. Dec. 8, 1943.]

Guardianship of the Person and Estate of CARRIE F. LEVI, an Incompetent Person. EDNA L. STURGEON, Respondent, v. A. F. LEVY, Appellant.

A. F. Levy in pro. per., for Appellant.

Spray, Davis & Gould for Respondent.

MOORE, P. J.—The contestant appeals from the order settling the first and final account of the guardian of the incompetent. While the purposes of the appeal are befogged in extravagant statements and meaningless phrases, we finally discover a belabored contention that the superior court was without jurisdiction to make the order settling the guardian's account, on the ground that the order appointing the guardian was void.

Edna L. Sturgeon, a daughter of the incompetent, was appointed guardian at the request of two sisters as well as of her aged mother. At the time of the hearing appellant, a son of the incompetent, was present and opposed the appointment. He took an appeal from the order which was affirmed by Division Three of this court (52 Cal.App.2d 832, 834 [127 P.2d 15]) and the Supreme Court denied a hearing. In the opinion in that case it is recited that three daughters testified that their mother was 89 years of age; that she was unable without assistance to care for her property, etc. Subsequently, appellant filed his petition in the superior court for restoration of

the capacity of the incompetent; filed a motion to set aside the judgment appointing a guardian; filed an application for a writ of supersedeas; filed a citation against the guardian to show cause why support money should not be furnished the ward; filed a motion to vacate the appointment of the guardian—all of which were in turn denied. Subsequently the guardian petitioned the court for an order confirming the sale of the real property of the incompetent, the consummation of which sale was defeated by the intervention of appellant, who threatened the proposed purchaser with litigation in the event of a sale.

In addition to the proceedings rendered necessary by the aggressive action of appellant, other acts were recited in the first and final account as having required the services of the guardian's counsel. The only records brought to us pursuant to appellant's request for a transcript indicate that the guardian kept accounts; that all receipts and disbursements were properly entered; that they were contained in the first and final account and that each was approved by the order appealed from after a hearing upon the objections of appellant. No criticism is made of the order itself.

In the course of his printed animadversions appellant attempts to express his opposition to the allowance of fees to the guardian and her counsel. He then states that the incompetent was humiliated by the guardian's lawlessness; that she escaped to Oregon and tried to reinstate herself; that the guardian failed to support her ward from the available income from her property but squandered the liquid assets for useless administration expenses; that the guardian failed to acknowledge receipt of a dividend on certain preferred stock of the estate. Each of these remarks is answered by the itemized account supported by substantial evidence and approved by the court after hearing.

We have examined all of the authorities cited by appellant (Prob. Code; Code Civ. Proc. sec. 372; *In re Allgier Estate*, 65 Cal. 228 [3 P. 849]; *Estate of Curtis*, 121 Cal. 468 [53 P. 936]; *Estate of Kincaid*, 120 Cal. 203 [52 P. 492]; *Talomase's Estate*, 98 Okla. 212 [225 P. 156]; *In re Clanton's Estate*, 171 Cal. 381, 384 [153 P. 459]; *Harriss* v. *Parks*, 77 Okla. 197 [187 P. 470]; *Estate of Livermore*, 132 Cal. 99 [64 P. 113, 84 Am.St.Rep. 37]; *Estate of Parsons*, 196 Cal. 294, 299 [237 P. 744]; U. S. Const.) but find nothing in any

of them that would tend to nullify the order. Neither does anything appear in appellant's brief or in the record that might be deemed a fair criticism of the court's judgment. The settlement of the guardian's account is a proceeding *in rem*. There was no abuse of discretion in ordering the allowance of the fees to the guardian and her attorney. Such fees were properly chargeable in the guardianship proceeding although the incompetent deceased after the guardian had resigned. (*Estate of Clanton, supra.*)

The order is affirmed.

Wood (W. J.), J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 3, 1944.