[Civ. No. 32367. Second Dist., Div. Three. Oct. 30, 1968.]

Estate of GLADYS SCHLUETER EHLE, an Incompetent Person. HENRY T. MOORE et al., Plaintiffs and Respondents, v. WILLIAM A. GLYNN, as Special Administrator, etc., Defendant and Appellant.

[Civ. No. 32368. Second Dist., Div. Three. Oct. 30, 1968]

Estate of GLADYS SCHLUETER EHLE, an Incompetent Person. HENRY T. MOORE et al., Petitioners and Respondents, v. WILLIAM A. GLYNN, as Special Administrator, etc., Objector and Appellant.

(Consolidated Appeals.)

William A. Glynn, in pro. per., for Defendant and Appellant and Objector and Appellant.

Henry T. Moore, Guy E. Ward in pro. per., and Moore & Moore for Plaintiffs and Respondents and Petitioners and Respondents.

FRAMPTON, J. pro tem.*—Gladys Schlueter Ehle was adjudged to be an incompetent person on October 26, 1959. Mae Treadwell (sometimes shown as Mary Treadwell) was appointed as guardian of her person and H. Thomas Hodges was appointed and qualified as guardian of her estate.

Gladys Schlueter Ehle died testate on November 15, 1962, in the City of Santa Monica, California. The appellant was named as the sole residuary devisee and legatee in her last will and testament. On November 23, 1962, the appellant and the California Bank, now the United California Bank, were appointed as special administrators of the estate of Gladys Schlueter Ehle, deceased, and special letters of administration were issued to them on December 4, 1962. General powers of administration were granted on December 18, 1962. The last will named the bank and appellant as co-executors. A contest to the probate of the will was filed and was later dismissed. The United California Bank, which had filed its consent to act as co-executor of the will, withdrew such consent and declined to act as such. The will and a codicil thereto were admitted to probate and letters testamentary were issued to appellant on July 13, 1966.

The respondents filed a creditors' claim in the estate of Gladys Schlueter Ehle, deceased, for $27,621.23, representing attorneys' fees in the sum of $27,500 and expenditures in the sum of $121.43 for services rendered between July 1, 1961, and November 15, 1962, to the incompetent, her estate, and to H. Thomas Hodges as guardian of the estate of the incompetent. This claim was denied. On November 20, 1963, the respondents filed their action against the bank and the appellant as special administrator with general powers of the estate of Gladys Schlueter Ehle, deceased, to establish the validity of their claim.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

On May 24, 1963, H. Thomas Hodges as guardian of the estate of Gladys Schlueter Ehle, an incompetent person, filed his third and final account and report of guardian. This account showed a balance of $206,845.90, but it also disclosed that the guardian had turned over all assets in the estate of the incompetent to the special administrator of the estate of the deceased. It appears that this transfer was made without court order or approval. On June 14, 1963, the respondents filed their petition for allowance of attorneys' fees in the guardianship proceedings. Objections to the third and final account of the guardian were also filed. On December 9, 1963, the hearing on the third and final account, the objections thereto and the petition for allowance of attorneys' fees in the guardianship matter were continued to April 13, 1964. On motion of the respondents the action to establish the validity of their claim against the estate of the deceased was ordered consolidated for trial with the foregoing matters relating to the estate of the incompetent, and this action was set for trial on April 13, 1964.

After many continuances the hearing on the third and final account of the guardian, the petition for allowance of attorneys' fees, and the action to establish the claim came on for hearing. It appears that the evidence before the court to establish attorneys' fees in the guardianship matter was the same as the evidence relied on to establish the validity of the claim for attorneys' fees in the estate matter.

On December 21, 1966, the trial court made findings of fact and filed its order settling the third and final account of the guardianship matter and filed its order fixing and allowing attorneys' fees in the sum of $27,500 and for expenses in the sum of $121.43. Both of these orders were entered on December 29, 1966, and notice of their entry was mailed on the same date. In the action to establish the validity of the claim against the estate of the deceased, judgment in favor of respondents and against the estate of Gladys Schlueter Ehle, deceased, and appellant as executor was rendered in the sum of $27,621.43. Both the order and the judgment impressed a lien upon all the assets in the estate of the decedent received from the guardian of the estate of the incompetent. This judgment was filed on December 21, 1966, and entered on December 27, 1966. Notice of entry of judgment was given on December 30, 1966.

On January 6, 1967, the appellant, as former special administrator with general powers of the estate of Gladys Schlueter

Ehle, deceased, and as executor of the will of said decedent filed a notice of intention to move for a new trial with respect to the order settling the third and final account and fixing and allowing attorneys' fees in the guardianship proceeding. At the same time he filed a notice of intention to move for a new trial in the action to establish the claim against the estate of the decedent. Each of these motions was denied on February 15, 1967. Notice of appeal from the order fixing and allowing attorneys' fees in the estate of the incompetent and notice of appeal from the judgment establishing the claim against the estate of the decedent were both filed on March 16, 1967.

Section 1606 of the Probate Code provides that ''When not otherwise specially prescribed in this division [Division 4 relating to Guardian and Ward], practice and procedure and the making and entry of orders under this division shall be governed by the provisions of Division 3 of this code, so far as they are applicable.'' Section 1231 of the Probate Code, part of division 3, provides that ''A motion for a new trial in probate proceedings can be made only in cases of contests of wills, either before or after probate, in proceedings to determine heirship and interests in estates, and in those cases where the issues of fact, of which a new trial is sought, were of such character as to entitle the parties to have them tried by a jury, whether or not they were so tried.''

Section 1556.1 of the Probate Code authorizes the court, upon petition, to fix and allow attorneys' fees for services rendered to the guardian of an incompetent and to order such compensation to be a charge against the estate of the ward. Where the ward has died and the assets of the estate of the ward have been transferred to the administrator of the estate of the deceased ward or to the executor of the will of such ward, the court may impose a lien on such assets in the hands of the latter to secure the payment for such services. (*Riley* v. *Superior Court,* 49 Cal.2d 305, 312 [316 P.2d 956]; *Estate of Clanton,* 171 Cal. 381, 384-385 [153 P. 459].)

Section 1555 of the Probate Code[1] provides that upon the death of the ward the court retains jurisdiction of the guardianship estate for the purpose of settling the accounts of

[1]This section reads: ''The termination of the relation of guardian and ward by the death of either guardian or ward or by the ward attaining his majority or being restored to capacity shall not cause the court to lose jurisdiction of the proceeding for the purpose of settling the accounts of the guardian. If the guardian dies or becomes incompetent, his account may be presented by his personal representative and upon petition of the successor of such deceased or incompetent guardian, the

the guardian. Attorneys' fees for services rendered to the guardian on behalf of the ward and the estate of the guardianship are proper expenses of the guardian to be paid out of the guardianship assets, and it is not necessary to file a claim therefor in the estate of a deceased ward in order to protect the right to enforce a claim for such services in the guardianship proceedings. (*Estate of Clanton, supra,* 171 Cal. 381, 385; *Estate of Schluter,* 209 Cal. 286, 288 [286 P. 1008].) In the case at bench, the filing of the claim for attorneys' fees and expenses in the estate of the deceased ward for services rendered to the guardian in the guardianship proceedings may have been a precautionary measure but it was not a necessary step to insure the right to collect such fees and expenses in the guardianship proceedings. The probate court retained jurisdiction in the guardianship proceedings, after the death of the ward, to award attorneys' fees and expenses for services rendered to the guardian without the filing of a claim therefor in the estate of the deceased ward.

 A motion for a new trial does not lie from an order fixing and allowing attorneys' fees in a probate proceeding. (Prob. Code, § 1231; *Estate of England,* 214 Cal. 298, 300 [5 P.2d 428]; *Estate of Smead,* 12 Cal.2d 20, 25 [82 P.2d 182]; *Estate of Welch,* 146 Cal.App.2d 534, 536-538 [304 P.2d 57].)

 The provisions of section 1231 of the Probate Code are made applicable to guardianship proceedings by section 1606 of the Probate Code.

 The notice of intention to move for a new trial must be legally effective. If it is made in a proceeding in which the motion does not lie, it does not give the court jurisdiction to consider it and likewise does not extend the time for appeal. (*Estate of Smead, supra,* 12 Cal.2d 20, 22-23; 3 Witkin, Cal. Procedure (1954) § 121, p. 2297.)

 The order fixing and allowing attorneys' fees and expenses in the guardianship proceeding was made on

absconding, deceased, or incompetent guardian or attorney of record in the guardianship proceeding, to render an account of the guardianship to the extent that the attorney has information or records available to him for the purpose. The account of the attorney need not be verified. A fee shall be allowed to the attorney by the court for this extraordinary service. For the purposes of this section, 'personal representative' shall include a guardian and conservator.''

court shall compel the personal representative of the deceased or incompetent guardian to render such account and must settle such account as in other cases.

''In the event the guardian dies or becomes incompetent and there is no executor, administrator, or personal representative appointed for his estate, or he absconds, then the court may compel the attorney for such

December 21, 1966, and was entered on December 29, 1966. Notice of entry of this order was given on December 29, 1966. Notice of appeal from the order was filed on March 16, 1967, 77 days after notice of entry of the order. The appeal from the order not having been timely filed (see rule 2, Cal. Rules of Court), it must be dismissed. ■ The fact that a motion for a new trial was made in the action to establish the claim against the estate of the deceased ward and extended the time for appeal from the judgment in that action did not extend the time for appeal from the order in the guardianship matter.

■ The action to establish the claim for attorneys' fees and expenses against the estate of the deceased ward is predicated upon the identical claim for services and expenses made in the petition to fix and allow attorneys' fees and expenses for services rendered to the guardian in the guardianship proceedings. The order in the guardianship proceedings has become a final order thus rendering moot the appeal from the judgment establishing the claim against the estate of the deceased ward, and such appeal must be dismissed. (See *Swart* v. *Swart*, 49 Cal.App.2d 44, 47 [120 P.2d 940].)

The appeals are dismissed.

Ford, P. J., and Moss, J., concurred.