[Civ. No. 3694.   First Appellate District, Division Two.—May 19, 1921.]

## THE FAY IMPROVEMENT COMPANY (a Corporation), Respondent, v. WILLIAM DE BUDGE, Appellant.

[1] STREET LAW—SIGNING OF IMPROVEMENT CONTRACT—PROPERTY OF MINORS—LIABILITY OF FATHER AND GUARDIAN.—A father is liable for street improvement work done in front of lots owned by his minor children, where he is the legal guardian of their persons and estates and in signing the contract for the improvement he included the frontage of such lots as well as the frontage of an adjoining lot individually owned by him opposite his name, notwithstanding a provision of the contract making the parties thereto liable only for the work done in front of their "own property," it appearing to have been the intention to contract with reference to both holdings.

[2] GUARDIAN AND WARD—IMPROVEMENT OF PROPERTY—CREDIT FOR EXPENDITURES—RIGHT OF GUARDIAN.—A guardian is entitled to credit in his account as guardian for money spent in improving and repairing the property of his wards.

[3] ID.—CONTRACTS OF GUARDIAN—PERSONAL LIABILITY.—A guardian is personally liable upon any contract made for the benefit of his ward.

[4] STREET LAW — ACTION ON IMPROVEMENT CONTRACT — PLEADING — FRONTAGE OF DEFENDANT—SUFFICIENCY OF COMPLAINT.—In an action by a contractor on a street improvement contract, the complaint is sufficient, as against the contention that the number of feet of land owned by the defendant should have been alleged, where the contract containing the number of feet frontage for which each party intends to contract is attached to the complaint, and it is alleged that the defendant agreed to pay upon completion of the work his respective *pro rata* share of the cost of the improvement computed in accordance with his frontage, and that the total *pro rata* share amounts to a stated sum.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Cabaniss, Judge.   Affirmed.

The facts are stated in the opinion of the court.

1. Liability of guardian who signs contract adding words indicating representative capacity to his signature, note, 42 **L. R. A.** **(N. S.)** 60.

W. F. Stafford and Wm. M. Stafford for Appellant.

John R. Daniels for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for $845 for street work done by the plaintiff under a contract with various owners of property fronting on Crescent Avenue, between Leese and Murray Streets, San Francisco, including the intersection of Leese Street and Crescent Avenue. The appellant owned one lot of land on Crescent Avenue, with a frontage of 25 feet. His three minor children owned three lots fronting on the same street and adjoining his property. The improvements were made under two separate contracts, one for the block proper and the other for the intersection. Copies of these contracts were attached to and made a part of the complaint. The defendant became a party to both contracts, and, according to the testimony, personally affixed the land frontage after his name as 123 feet 5 inches on the contract for the improvement of Crescent Avenue and 156 feet and 8 inches for the intersection of Leese Street and Crescent Avenue. In addition to these improvements the plaintiff repaired a sidewalk and constructed three side sewers at the request of defendant. Recovery for this repair work and sewer construction is included in the judgment, and to this portion thereof the appellant does not object.

In his answer defendant admitted entering into the two contracts sued upon, but denied responsibility for the improvements except those which were apportioned to the 25-foot lot which he personally owned on Crescent Avenue.

It was admitted that the defendant is the legal guardian of the persons and estates of his three children who owned the three lots on Crescent Avenue, having frontages which made up the difference between the frontage signed after the defendant's name in the contracts, and the 25 feet for which he concedes himself to be liable.

It is perfectly apparent from all the testimony that the defendant intended to contract for his children's property as well as for his own individual holdings. The evidence is that when Mr. Fay, the agent for the plaintiff, called upon defendant in relation to these contracts, "He said that the

corner was held by the two children, who he was guardian for, and he would sign for them, I says, 'Certainly, as long as you have the power to do so, do it.' So he signed the full frontage for them, and then he segregated the side sewers and everything pertaining to the full amount of the property, and left it there, and nothing was said about it until afterward, when he wanted to discount his bill." On cross-examination, Mr. Fay testified: "Q. You stated that he said he owned one lot about the middle of the block and three lots at the corner of Leese were owned by his three children; is that right? A. Yes. Q. One lot apiece? A. Yes. Q. And he asked you if he would sign for all of them or for one? A. Yes. Q. And you told him to sign for all; is that right? A. That is right; yes."

The contract for the work on Crescent Avenue contained the following provision: "And the said parties of the second part, in consideration of the premises, each for himself or herself, and not one for the others, promises to and with the said party of the first part, that he or she will pay to the said party of the first part in gold coin of the United States of America, for the work done in front of his or her own property respectively, and not in front of others, upon the completion thereof, and for such work as may be done on the crossings or intersections for which their property is liable, together with the incidental expenses according to the ratio that his or her frontage bears to the whole frontage here represented, and in accordance with the rule established by the street law."

The contract for the work at the intersection of the streets contains a similar provision.

It is contended by appellant that by this clause the defendant contracted to pay only for the work done in front of "his own property" and not for the work done in front of property owned by anyone else. There is nothing definite in the contract about the character of the interest in property which would make such property one's "own" property within the language of this contract. It is not specified whether the ownership is to be a legal or an equitable one, whether it must be an estate in fee simple absolute, a life estate, or a contingent remainder. "Own property" is an inexact and general term and might be ambiguous if it were shown that the contracting party had a different

character of estate in several lots upon the street. However, the parties have shown by their actions just what construction was placed by them upon the terms of the contract and what was intended by them in using this language. To ascertain such intention is, of course, the object of our inquiry here.

[1] It is shown by the testimony above quoted that both parties intended to contract with reference to the lots held by the defendant in his own name, and also the lots owned by his minor children for whom he was guardian. Although, technically, these might not all be included in the connotation of the term "own property," nevertheless their inclusion therein was what was in the minds of the parties at the time, as is clearly proven by the evidence in the record. There is nothing strange or unusual about a father undertaking to pay for street improvements in front of the property owned by his minor children, and most especially is this true when he is the guardian of the persons and estates of such children. [2] He would be entitled to credit in his account as guardian for money spent in improving and repairing the property of his wards. (*Estate of Beisel,* 110 Cal. 267, [40 Pac. 961, 42 Pac. 819].) [3] A guardian is personally liable upon any contract made for the benefit of his ward. (Woerner on Guardianship, sec. 57, p. 185.)

It appears that the agent of the plaintiff and the defendant discussed the question of frontage and estimated the amount for which the defendant intended to contract. The defendant himself wrote after his signature the amount of such frontage, as 123 feet and 5 inches in the contract for Crescent Avenue and 156 feet, 8 inches, in the contract for the work at the intersection, which is the combined frontages of his own lot and those of his minor children. Under such circumstances there can be no question about the fact that he intended to contract to pay for the improvement of all of these lots.

[4] It is contended by appellant that the plaintiff should have set out in his pleading the number of feet of land owned by defendant. The plaintiff pleaded the effect of the contracts, alleging that the defendant agreed to pay to the plaintiff upon the completion of the work, his respective *pro rata* share of the cost of the improvements, computed

in accordance with the frontage of his lots on Crescent Avenue and Leese Street. Then follows an averment that the total *pro rata* share of said defendant of the total cost of said improvements under the terms of the contract amounted to a certain sum. The "frontage of his lots under the terms of the contract" is necessarily implied in the foregoing allegations, as it is arrived at by a simple and certain arithmetical process, and we have already discussed the question of what must be included in the term "his lots" for the purpose of this contract, as evidenced by the conversations and acts of the parties. Furthermore, the contracts themselves were attached to the complaint and they contain, after the signatures of the parties, the number of feet frontage for which each party intends to contract. We think this is sufficient.

There are no other points made upon this appeal. The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 18, 1921.

All the Justices concurred, except Wilbur, J., who was absent.