[Civ. No. 10751. First Appellate District, Division One.—October 20, 1938.]

In the Matter of the Guardianship of the Person and Estate of MARION ROSE GARBINI, a Minor. CHAUNCEY TRAMUTOLO et al., Respondents, v. MARION ROSE GARBINI, a Minor, etc., Appellant.

D. C. Kirby for Appellant.

W. R. Lowery for Respondents.

BRAY, J., *pro tem.*—Appeal from an order awarding respondents $5,000 attorneys' fees based upon a petition by respondent attorneys entitled, "Petition for approval of contract of employment of attorneys."

Pierina D'Ambrosio is the mother of Marion Rose Garbini, a minor, and the former wife of Agostini Garbini. In 1920, Garbini and his wife Pierina entered into a separation agreement; Garbini then went to Italy, sending his brother Luigi over to collect his share of the property under said agreement, amounting to some $94,000, and leaving in California only two pieces of property valued at a little over $7,000. Garbini died in 1924, leaving a will of his entire estate to his brother Luigi. Mrs. D'Ambrosio later consulted respondents as to any interest which the minor might have in the estate of her father. Respondents filed a petition for letters of administration upon the father's estate in California, and no appearance being made by Luigi, the estate was in due time distributed to the minor, and Mrs. D'Ambrosio appointed her guardian. Respondents also advised Mrs. D'Ambrosio that there was a possibility of recovering for the minor all or at least a portion of the estate in Italy. Subsequently a complicated mass of litigation was carried on —a suit to compel an accounting by Luigi; a suit to set aside the will; a suit by Luigi to have the separation agreement declared null and void; and a suit by Luigi to compel Mrs. D'Ambrosio to account for her share of the property obtained under the separation agreement. All of this litigation took place in Italy, and was handled by lawyers there in connection with the lawyers here, respondents having sug-

gested to Mrs. D'Ambrosio an Italian lawyer here whose brother handled her end, and respondents themselves preparing a great deal of evidence and sending it to Italy, Mr. Andriano even going to Italy while he was in Europe and seeing the parties and lawyers there in an endeavor to effect a compromise. As a result of the litigation and compromises, the Italian courts awarded the minor an estate of 480,000 lire, of which 80,000 lire was ordered paid as attorneys' fees and legal expense ''due the American attorneys'' and the Italian attorneys. The value of the Italian estate the lower court found to be in excess of $20,000 American money. Under the decree of the Italian court the 400,000 lire awarded to the minor was invested in Italian bonds, the bonds to be deposited for safekeeping in two designated banks in Italy, to be delivered to the minor upon her arriving at the age of majority.

Appellant contends that the court had no jurisdiction to make the order appealed from; that there was no contract, and therefore the true nature of the proceedings is in *quantum meruit* and that the only person having power to petition the court for determination of attorneys' fees is the guardian herself; that the only estate in the jurisdiction of the court amounts to approximately $7,000, and the order turns over practically the entire estate to the attorneys, because the court has no jurisdiction of the estate in Italy; and that the Italian estate cannot be removed from Italy; furthermore that the petition for approval of a contract of attorneys' fees should have been filed prior to the performance of the work and immediately after entering into the contract, if any.

Respondents contend that the court had jurisdiction because there was estate of the minor within its jurisdiction; that the Italian estate will eventually come into the hands of the minor, and that although the petition could be made only by the guardian, the guardian's answer constitutes such petition, and that a contract within the purview of section 1509, Probate Code, existed.

Appellant also contends that the evidence does not support the making of the order; that there is no evidence of a contract; that the work performed by respondents in preparing the evidence and briefs for the Italian litigation was done on behalf of the guardian personally and not on behalf of the minor; that the 80,000 lire set aside for attorneys' fees

was to cover the fees of respondents, as shown by the Italian order; that respondents had received approximately $1900 which had not been accounted for.

Finally, appellant contends that even if the order is correct and legal in all other respects, the amount awarded is grossly excessive.

Practically all of the findings of fact of the lower court are attacked by the appellant as not supported by the evidence. In all instances, however, the evidence either wholly supports the findings or there is a conflict in evidence, in which case, of course, the appellate court is bound to follow the lower court's determination of such conflict. The main question in the case is one of law and revolves around the question of the jurisdiction of the lower court to allow attorneys' fees in a guardianship proceeding where the petition is made by the attorneys, and not by the guardian, and the guardian files an answer of the type herein, and also where the services were completely rendered before any application was made to the court concerning the same. The evidence upon which the court based its finding that there was a contract entered into between respondents and the guardian is very brief and as follows: In 1926 Mrs. D'Ambrosio, the widow of Garbini, and the mother of the minor, consulted Mr. Tramutolo, one of the respondents, concerning both her rights and the rights of the minor in the property left in this country and Italy by the father. Mr. Tramutolo filed a petition to probate the California estate and then referred Mrs. D'Ambrosio to Mr. Andriano. There is no mention in Mr. Tramutolo's testimony of any agreement concerning a guardianship proceeding or payment from the minor's estate for services to be rendered the minor, although apparently it was taken for granted by both Mr. Tramutolo and Mrs. D'Ambrosio that he, with the assistance of Mr. Andriano, was to do whatever was necessary to recover whatever could be recovered for both mother and daughter. Later, other attorneys were employed to represent Mrs. D'Ambrosio personally. Mrs. D'Ambrosio saw Mr. Andriano and from then on the matter of the minor's interests was handled principally by Mr. Andriano, in consultation, however, with Mr. Tramutolo and by the Italian attorneys. At the first conference between Mr. Andriano and the mother of the minor, the former advised her that the child was entitled under the

Italian laws to one-half of the estate. From time to time Mr. Andriano conferred with Mrs. D'Ambrosio about the situation, including the question of hiring Mr. Giannini, a San Francisco attorney, and his brother, an attorney in Italy, to represent the mother and the matter of compensation for them was agreed upon. The entire litigation, both as to the mother and the daughter, was frequently discussed. The only evidence concerning the question of compensation to be paid either of the respondents for their services for the minor is Mr. Andriano's testimony that he told Mrs. D'Ambrosio that he could not make any agreement with her as to the fee, that the court would have to fix that. It is not clear from the transcript when this statement was made, but apparently it was not until the services had already been rendered. There can be no doubt that Mrs. D'Ambrosio authorized the respondents to proceed to recover for the minor whatever could be recovered. The actions of Mrs. D'Ambrosio and the attorneys clearly indicate, and justify the lower court in finding, that it was contemplated by her and them, that the services being rendered by them for the minor were to be compensated out of the minor's estate, whatever such estate which they might recover for the minor might turn out to be, even though there was no express arrangement to that effect. However, a guardianship proceeding was not commenced until 1930, by which time respondents had been working on the matter for four years. Both before and after the appointment of Mrs. D'Ambrosio as guardian she knew, of course, that the respondents, together with the Italian attorneys, were proceeding in the minor's behalf.

Some time after the services had been completely rendered and in 1935, respondents filed in the guardianship proceeding their "Petition for Approval of Contract of Employment of Attorneys." In this petition respondents allege that they were retained by Mrs. D'Ambrosio, for and on behalf of the minor, but do not allege any specific agreement as to terms or payment, and then allege that the sum of $5,000 is a reasonable fee for recovering for the minor the 400,000 lire.

Respondents concede the contention of appellant that whether respondents' petition be considered one under section 1509 of the Probate Code for approval of a contract for attorneys' fees, or merely a petition for compensation for services in advising and assisting the guardian and in recovering

estate for the minor, the only person having the power in either event, to petition the court for determination of attorneys' fees, is the guardian of the minor, and that if the respondents had to rely upon their petition alone, the court had no jurisdiction to grant them attorneys' fees. These are the holdings in *Stafford* v. *Superior Court*, 1 Cal. (2d) 321 [34 Pac. (2d) 998], and *Estate of Kruger*, 143 Cal. 141 [76 Pac. 891]. But the respondents claim that these rules do not apply, in that the answer of the guardian supplies the petition or application by the guardian which the law admittedly requires. They claim that in her answer the guardian petitions the court to allow such fees as are permitted and allowed under the laws of the state of California which they claim would include fees for their services in Italy.

The lower court held that the guardian's answer was, in effect, a petition asking the court to fix the fees of the attorneys for their services. An examination of the answer supports this conclusion. After denying that there was any agreement for the payment to the lawyers of the sum of $5,000 or "any sum whatsoever other than fees fixed by law in guardianship matters, depending entirely upon the amount of the estate", the prayer of the answer asks that the approval of the alleged contract of employment be disapproved by the court, but that "the said attorneys be only allowed *such fees permitted and allowed by the laws of the State of California* and from said fees be deducted the amounts heretofore received by said attorneys". The answer had theretofore claimed that the attorneys had already received $1900 and it is significant that the answer asked that this alleged $1900 be deducted from the fees which the guardian thereby was asking the court to allow. If, as contended here, the answer asked that the court fix only the fees in the guardianship proceeding alone, as distinguished from their services in recovering the estate in Italy, the $1900 could not be deducted as such allowance on a $7,000 estate would, of course, be much less than $1900. When the guardian asked that the court fix such fees permitted and allowed by the laws of the state of California, she was asking the court to make an allowance for all services rendered by the attorneys for the minor, subject only to the fees being lawful under our laws, and no one will contend that fees for services rendered a minor or his estate in a foreign country are not "permitted

and allowed by the laws of the State of California''. The answer of the guardian admitted the employment of the attorneys, although she denied that it was the same agreement contended for by the attorneys. She put in issue and asked the court to fix the value of the services rendered during that employment. In other words, both the character of the employment and its value were put in issue by the guardian. The court found against her version of the employment but did fix the reasonable value of the services rendered, by allowing fees which are ''permitted and allowed by the laws of the State of California''. The court found that the attorneys were retained by the guardian; that they advised her that the minor was entitled to recover a portion of her father's estate in Italy, from all of which the father had attempted to disinherit her; that the attorneys cooperated and assisted the Italian attorneys in the prosecution of the necessary litigation on behalf of the minor, including the preparation of evidence here and forwarding it to Italy, the preparation of lengthy and exhaustive briefs; that the compromise which was effected was the result of the work and labor of the attorneys here and the conferences held by Mr. Andriano in Italy; that the award of attorneys' fees in Italy did not compensate the local attorneys for their services; that the attorneys have received no pay whatsoever and that the services of the attorneys for and on behalf of the minor are reasonably worth $5,000. The evidence supports all of these findings, even though it is conflicting as to some of them.

It is contended by appellant that the fees are excessive in view of the fact that the California estate is of the value of only approximately $7,000, and that they claim no portion of the Italian estate will come into the California estate. There is no evidence in the record supporting this statement. It is conceded that the Italian court awarded the minor 400,000 lire. As far as the record shows there is no reason whatever why it should not become a part of the California estate. As a matter of fact in appellant's supplemental brief, photostatic copies of correspondence are included which show that interest on one-half of the Italian estate has already been received by the guardian, although interest on the other half and the principal itself are being withheld under present conditions in Italy. These matters were no part of the record, and the lower court, in the absence of any

evidence that the Italian estate could not be brought into California, was justified in considering it as a part of the recovery for the benefit of the minor, and her estate, residing in this state, for fee-fixing purposes.

Of course, the Italian decree provided that the bonds were to be held by the banks in Italy until the minor became of age. At the worst, the minor will get the benefit of them at that time and it hardly seems fair that the lawyers whose work brought about their acquisition by the minor should not be compensated for their services when ultimately the minor will get the full benefit thereof. Had it not been for the work of respondents the minor would have received nothing either now or when she becomes of age. The minor, even now, is enjoying the fruits of their services in that her guardian has received for her some of the interest upon these bonds. Mrs. D'Ambrosio, the guardian here, has likewise had herself appointed guardian of the minor's estate in Italy, perhaps for the purpose of defeating the claims of respondents.

The appellant claims that certain moneys received by the respondents were never accounted for and that in any allowance for the services of respondents in the California estate such moneys should be deducted. However, the evidence shows that the respondents did account for these sums, they all having been sent to the Italian attorneys to carry on the various phases of the litigation. The court found, and properly, we think, that all moneys heretofore received by respondents from the guardian were transmitted by them to the Kingdom of Italy and were used in the prosecution of the litigation and that the respondents have received nothing for their services. While there is evidence to the contrary on some of these issues, this court is bound by the finding of the lower court upon the conflicting evidence. Incidentally, the court's finding that $5,000 is a reasonable sum for the services rendered by the respondents in connection with the Italian litigation is well supported by the evidence. Such a fee is certainly not out of line where assets in excess of $20,000 are recovered through what the lower court found to be efforts of the respondents.

Judgment affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 19, 1938.