OPINION. Van Fossan, Judge: The issue before us is whether certain items of property, assets of the estate of Adele Stern Eice, deceased, specifically described and identified and valued at stipulated figures, were received by George Eice, the decedent in the case at bar, by bequest, devise, or inheritance, or were acquired by him as a creditor of her estate. If he received them by bequest, devise, or inheritance, section 812 (c), Internal Revenue Code (as amended by section 407 of the Revenue Act of 1942)[1] is applicable. The respondent defines his position as follows: * * * It is not because the net estate of the prior decedent was valued at $52,280.49 that the respondent has limited to that amount the deduction allowable for property previously taxed. The petitioners are entitled to a deduction in no greater amount for the reason that the decedent did not receive by bequest or devise, as required by Section 812 (c), property of a greater value. The petitioners contend that, as a matter of law in the State of New York, the decedent received the property as a legatee under the will of Adele Stern Eice, and argue that the debt due to George Eice was never paid by his wife’s estate, either by direct payment from such estate or by the application of the specific items in controversy to the payment of his notes. There is no evidence here that the husband’s claim and rights against the estate were ever presented, allowed, or paid. On the contrary, there is every indication that he waived all such claims, whatever they may have been. Cf. First National Bank of Portland, 39 B. T. A. 828; A. P. Giannini, 42 B. T. A. 546; affd., 129 Fed. (2d) 638. In the Giannini case we said that “it is elemental that an individual may refuse to enforce a right, forswear a debt due him, or relinquish a claim.” Section 212 of the Surrogate’s Court Act of the State of New York provides: An executor or administrator shall not satisfy his own debt or claim out of the property of the deceased until proved to and allowed by the surrogate; and it shall not have preference over others of the same class. The stipulated facts recite that no final accounting was filed by George Eice and no further proceedings were taken to administer his wife’s estate. It is obvious, therefore, that George Eice’s debt was neither proved to, nor allowed by, the surrogate and was not satisfied out of his wife’s estate. This situation clearly leads to the conclusion that George Eice waived his right to the payment of $54,500 loan due from Adele Stem Eice’s estate. The specific items in question were properly identified as a part of her estate, were not used to pay the decedent’s debt, and their value at the date of her death has been established to have been $72,518.12. Therefore, such items are allowable as deductions from the estate of George Eice in that amount. In further support of the petitioners’ position that George Eice took the real estate as sole legatee and not as a creditor of his wife’s estate, they cite the fact that no deed was ever executed conveying such real estate to him, as would have been necessary if he had acquired it as a creditor. This fact corroborates the petitioners’ claim that George Eice’s status was not that of a creditor. The Estate of Ada M. Wilkinson, 5 T. C. 1246, is not contra. In that case the respondent contended “that a legatee who receives property from the decedent’s estate before the estate’s debts are paid and thereafter pays the debts out of his own funds is the purchaser of the property to the extent of the debts so paid.” Debts, taxes, and expenses against the prior estate in the amount of $1,080,961.77 were paid by the decedent therein and the respondent argued that the deduction claimed should be reduced by the above amount. We held that the respondent should prevail. In the Wilkinson case the debts were due to strangers and were actually paid. Under the applicable Connecticut law the residue of an estate is that portion of an estate which remains after the payment of debts, administration expenses, legacies, and other proper charges against the estate. Having paid the debts, the decedent became as to them a purchaser and it could not be said that such property was received from the prior decedent by gift, bequest, devise or inheritance. In the instant case there was no payment of debts by the decedent and consequently no purchase. As we have pointed out, the debts were not proved to, or allowed by, the surrogate and, accordingly, were not satisfied out of the prior estate. However, the property passed from the deceased wife to the surviving husband. Since it did not pass by purchase, it must have passed by inheritance. Reviewed by the Court. Decision will be entered under Rule 50. Turner, Murdock, Harron, and Opper, JJ., dissent. SEC. 812 NET ESTATE [as amended by section 407 of the Revenue Act of 1942]. Eor the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate— * • * . * • • • (c) Property Previously Taxed. — An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (2) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. * * *