ESTATE OF WALTER THIELE, WILLIAM H. JEFFERS, ADMINISTRATOR C. T. A., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8366. Promulgated September 29, 1947.

*Wilbur H. Friedman, Esq., George F. Kurzman, Esq.,* and *Gerald Silbert, Esq.,* for the petitioner.

*Thomas R. Charshee, Esq.,* for the respondent.

## OPINION.

BLACK, *Judge*: The principal remaining issue in this proceeding is whether the estate of Walter Thiele is entitled to deduct from the value of the decedent's gross estate, as a claim against the estate, the amount

of $36,129.78 ($34,766.72 plus the two interest items of $212.44 and $1,150.62) which the decedent owed the estate of Helen Agnes Thiele at the date of his death. The applicable statute is section 812 (b) (3) of the Internal Revenue Code, the material provisions of which are set forth in the margin.[1] Petitioner concedes that, if this total amount of $36,129.78 is deductible under section 812 (b) (3), then the amount of $34,979.16 ($34,766.72 plus $212.44) should be restored to the gross estate of the decedent as property previously taxed, and a correspondingly lesser amount allowed as a deduction for property previously taxed under section 812 (c) of the code, as amended by section 407 (a) (1) and (c) (1) of the Revenue Act of 1942, the material provisions of which are in the margin.[2] See also sec. 401, Revenue Act of 1942.[3] In other words, petitioner contends, as to the principal remaining issue, that the manner in which the estate of Walter Thiele treated the matter in the estate tax return as set out in our findings of fact was proper and should not have been disturbed by the respondent.

The second issue, except for the correction of the amount from $29,555.74 to $29,744.57, is in the alternative. As shown in our findings, the estate of Walter Thiele reported, as a part of the gross estate,

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—

\* \* \* \* \* \* \*

(3) for claims against the estate,

\* \* \* \* \* \* \*

as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered \* \* \*. The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. \* \* \*

[2] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(c) PROPERTY PREVIOUSLY TAXED.—An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent \* \* \* where such property can be identified as having been received by the decedent from \* \* \* such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where \* \* \* an estate tax imposed under this chapter or any prior Act of Congress, was finally determined and paid by or on behalf of \* \* \* such prior decedent \* \* \* and only in the amount finally determined as the value of such property in determining the \* \* \* gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate \* \* \*.

\* \* \* The deduction allowable under this subsection shall be reduced by an amount which bears the same ratio to the amounts allowed as deductions under subsections (a), (b) and (d) as the amount otherwise deductible under this subsection bears to the value of the decedent's gross estate. Where the property referred to in this subsection consists of two or more items the aggregate value of such items shall be used for the purpose of computing the deduction.

[3] "Since the decedent died prior to the date of the enactment of the Revenue Act of 1942 and after February 10, 1939, the only part of section 407 (a) (1) of the Revenue Act of 1942 which is effective here is the reference therein to "an estate tax imposed under this chapter or any prior Act of Congress."

property previously taxed in the amount of $188,111.16. This amount was arrived at by first listing the assets which had also been included in the estate of Helen Agnes Thiele in the amount of $214,900.11, plus an item of income under option of $106.03, and deducting therefrom liabilities of the estate of Helen Agnes Thiele in the amount of $26,894.98. The respondent later determined that the said liabilities amounted to $29,555.74 instead of $26,894.98. The parties have now stipulated that the said liabilities amounted to $29,744.57. It is the petitioner's contention that, if the principal issue be decided against petitioner, then petitioner should be permitted to deduct directly under section 812 (b) of the code the amount of $29,744.57 instead of deducting such amount from the list of assets that had also been included in the estate of Helen Agnes Thiele in determining the amount of property previously taxed to be included in the gross estate of the estate of Walter Thiele.

We shall consider first the principal issue, namely, whether the estate of Walter Thiele is entitled under section 812 (b) (3) of the Internal Revenue Code to deduct from the value of the gross estate the amount of $36,129.78 as a claim against the estate. The parties agree that Walter Thiele owed the sum of $34,979.16 to his wife, Helen Agnes Thiele, at the time of her death. In his brief the respondent states that "This record does not disclose that during her lifetime she ever waived this claim against her husband and it was therefore rightfully included as an asset in her estate." We agree with that statement. We think it is equally clear that this debt of Walter Thiele continued to exist as a valid and enforceable claim and existed as such on the date of Walter Thiele's death. We do not understand the respondent to contend otherwise, for in his brief he also says "the claim of the estate of Helen Agnes Thiele could have been enforced against Walter Thiele or his estate * * *." In a proceeding to which the State Tax Commission of New York was a party, it was determined by the surrogate of New York County that at Walter Thiele's death he owed the estate of Helen Agnes Thiele the sum of $34,979.16, plus interest of $1,150.62. The claim in the amount of $34,979.16 was treated as an asset of the estate of Helen Agnes Thiele by the surrogate as late as July 30, 1942, at which time he directed that it be distributed, along with other assets, to the administrator of the estate of Walter Thiele. Under all the facts of record, we think the claim in the amount of $36,129.78 is deductible from the value of the decedent's gross estate under section 812 (b) (3), *supra*, and section 81.36 of Treasury Regulations 105, the material provisions of which are as follows:

SEC. 81.36. *Claims against the estate.*—The amounts that may be deducted under this heading are such only as represent personal obligations of the decedent existing at the time of his death, whether or not then matured, and interest

thereon which had accrued at the time of death. * * * Only claims enforceable against the decedent's estate may be deducted. If the claim is founded upon a promise or agreement, the deduction therefor is limited to the extent that the liability was contracted bona fide and for an adequate and full consideration in money or money's worth. * * *

It seems to us that the facts in this proceeding coincide with each of the requirements set forth in the above regulations.

The respondent contends that, because the estate of Helen Agnes Thiele made no attempt to collect the debt from Walter Thiele during the remainder of his life and never presented to the surrogate its claim against the estate of Walter Thiele, we must regard the estate of Helen Agnes Thiele as having waived its claim against Walter Thiele and his estate, and as having extinguished it in its entirety when the surrogate directed on July 30, 1942, that the claim, along with other assets of the estate of Helen Agnes Thiele be distributed to the administrator of the estate of Walter Thiele; that we must regard the estate of Walter Thiele as having failed to prove that the claim of the wife's estate was ever presented, allowed, or paid; and that, therefore, no amount is deductible from the value of the decedent's gross estate under section 812 (b) (3) of the Internal Revenue Code. He cites in support of these contentions the cases of *Estate of George Rice,* 7 T. C. 223; *Jacobs v. Commissioner,* 34 Fed. (2d) 233; and *Estate of William P. Metcalf,* 7 T. C. 153.

In the *Rice* case the decedent died testate in 1941, a resident of New York City. His wife, Adele Stern Rice, died testate in 1937, less than five years before her husband's death. She named her husband the sole legatee and executor of her estate. Up to this point the *Rice* case is like the instant case. In the *Rice* case, instead of the husband owing the wife, the wife at the time of her death was indebted to her husband in the amount of $54,500. George Rice duly qualified as executor of his wife's estate in 1937. No other proceedings in the administration of the wife's estate were taken and no final accounting thereof was ever filed. As sole legatee, he received all the assets of his wife's estate not used for the payment of debts and charges against her estate. Her gross estate was valued at $112,228.10. Her net estate, after deducting the debt of $54,500 to her husband and other debts and charges of $5,447.61, was $52,280.49. The debt to her husband was not specifically paid as such, which left $106,780.49 for her husband as sole legatee. At his death the husband still owned assets which had been included in his wife's estate at a value of $72,518.12. The question there involved was whether the estate of George Rice was entitled to a deduction for property previously taxed, without proportionate reduction under section 812 (c) of the code, as amended, of $72,518.12 as contended for by petitioner, or should be limited to $52,280.49, on the theory that when the $106,780.49 was turned over to the husband $54,500 of that amount

should be regarded as a payment of the wife's debt of that amount, thus leaving $52,280.49 as the maximum amount that could be regarded under section 812 (c) as "having been received by the decedent from  *  *  *  such prior decedent by gift, bequest, devise, or inheritance." We held that on the basis of the facts stipulated the only conclusion that could be reached was that the husband waived his right to the payment of the $54,500 loan to his wife; that the entire $72,518.12 should be regarded as having been received by the second decedent from the first decedent by inheritance; and that the entire $72,518.12 should therefore be allowed as a deduction for property previously taxed, without proportionate reduction under section 812 (c), *supra*. It is apparent that the question involved in the *Rice* case is not the same as in the instant proceeding. Here, we are directly concerned with section 812 (b) (3), and only indirectly with section 812 (c). It should also be noted that "In determining the Federal estate tax on the estate of Adele Stern Rice, there were allowed as deductions," under section 812 (b) (3), "all of the items claimed to be deductible as debts of the decedent," including the said amount of $54,500 owed by the decedent to her husband. See *Estate of George Rice, supra*, p. 224. Thus in the *Rice* case the very same sort of a claim was allowed as a deduction to the wife's estate as is involved here, and there was no issue about it. As we have already said, the issue which was involved in the *Rice* case is entirely different from the one which we have here.

In the *Jacobs* case, *supra*, a widow elected to accept provisions of her husband's will in her favor in lieu of $75,000 stipulated in an antenuptial contract. The court held that such sum of $75,000 was not deductible from the value of the gross estate as a claim against the estate because it no longer existed when the widow elected to take under the will, and said: "The widow never claimed anything from the estate under the antenuptial contract, and the gross estate was not decreased one single cent by reason of the $75,000 stipulated in the antenuptial contract." The court then went on to define the word "claim" and quoted with approval a definition by the Supreme Court of Minnesota in *Knutsen* v. *Krook*, 111 Minn. 357, as follows:

The word "claim," as generally employed, has a broad and comprehensive meaning, embracing every species of legal demand. 7 Cyc. 180. But, as employed in a particular statute, its meaning is often restricted and limited, and in statutes providing for the administration of the estates of deceased persons, requiring a presentation of claims against the estate, is by the authorities generally construed as referring to demands of a pecuniary nature, and which could have been enforced against the deceased in his lifetime.

In the instant proceeding the respondent concedes that the claim of the estate of Helen Agnes Thiele could have been enforced against Walter Thiele or his estate, but he says that "no claim was ever presented" and that "on the authority of the *Jacobs* case, the deduction

should be denied." The respondent's regulations, *supra*, do not make it a prerequisite to an allowance under section 812 (b) (3) that a claim be "presented." In the instant proceeding all the prerequisites stated in the regulations are present. The amount sought to be deducted represented a personal obligation of the decedent existing at the time of his death. It was enforceable against the decedent's estate, and no contention is made by the respondent that it had not been contracted bona fide and for an adequate and full consideration in money or money's worth. The only reason why it was not formally presented for payment was because the estate of Helen Agnes Thiele was thoroughly solvent and did not need it to pay its obligations. If the estate had been insolvent, there can be no doubt that the claim would have been presented and paid. In view, however, of the solvency of the estate of Helen Agnes Thiele, it would have served no useful purpose, except perhaps to eliminate the present question, to have the husband's estate pay the wife's estate the amount in question just to be returned again to the husband's estate on the final distribution of the wife's estate. Ordinarily the law does not require the doing of a futile thing. Cf. *Flynn* v. *Commissioner*, 77 Fed. (2d) 180, 183. Furthermore, it was held in *Commissioner* v. *Strauss*, 77 Fed. (2d) 401, 405, that the statute allowing deductions from the value of the gross estate for claims against the estate "does not require the allowance of the debt by the court or its payment by the estate in order that it may be deducted from the gross estate." To the same effect see *Commissioner* v. *Windrow*, 89 Fed. (2d) 69; *Helvering* v. *O'Donnell*, 94 Fed. (2d) 852; and *Commissioner* v. *Hallock*, 102 Fed. (2d) 1. See also *Buck* v. *Helvering*, 73 Fed. (2d) 760, 764, reversing 25 B. T. A. 780.

In the *Metcalf* case, *supra*, the third case relied upon by the respondent, certain real estate taxes, penalties, etc., in the total amount of $14,825 had accrued and constituted a lien on certain of the decedent's property prior to his death. A suit was instituted by the taxing authorities to enforce the lien and collect, but was compromised by the estate for $7,678.18. We held in that case that only the $7,678.18 was deductible under section 812 (b) (3), on the ground that "the unpaid balance of $7,146.82 no longer represented an enforceable claim against the decedent's estate, since the indebtedness to that extent was extinguished." In relying upon the *Metcalf* case, the respondent in his brief argues as follows:

In the instant case, not only was no claim ever presented against Walter Thiele or his estate, but when the claim was handed over to his estate, it "was extinguished" or "compromised" at zero.

We need not again consider the respondent's contention relative to no claim having been presented, as we indicated above that that was

not one of the prerequisites for allowance of a deduction under section 812 (b) (3). Neither do we agree with the respondent's contention that the claim was extinguished or compromised at zero or at any figure less than the face amount of the claim. The estate of Helen Agnes Thiele at all times regarded and treated the claim at its full face value, and properly so, we think. Prior to the final distribution of the estate of Helen Agnes Thiele on July 30, 1942, the estate of Walter Thiele was at all times liable for the full amount of the claim, plus interest. Thereafter, the estate of Walter Thiele held assets of the value of the claim, plus interest, as a legatee of the estate of Helen Agnes Thiele. *In re Foster's Estate*, 38 Misc. Rep. 347; 77 N. Y. S. 922. The position of the Walter Thiele estate was the same as if the claim had been paid by Walter Thiele's estate to the Helen Agnes Thiele estate and distributed by that estate to the estate of Walter Thiele.

In *Buck* v. *Helvering, supra*, John A. Buck died testate on April 6, 1923. On April 1, 1922, Mrs. Buck loaned her husband from her separate funds the sum of $95,000. In holding that the estate of John A. Buck was entitled to deduct this loan from the value of the gross estate as a claim against the estate, the Ninth Circuit said:

Mary M. Buck had a legal enforceable claim for $95,000 against the estate upon her husband's death. The fact that she did not file a claim against the estate is immaterial as she was a beneficiary under the law taking an amount exceeding the amount of her claim. The action of the Board of Tax Appeals in disallowing the deduction claimed for this amount is reversed.

In the *Buck* case, in deciding against the taxpayer on an issue similar to the one we have here, the Board of Tax Appeals did so upon a question of failure of proof, namely, that the taxpayer did not prove that the wife had made a loan to the husband, but, on the contrary, the evidence indicated that the money which the wife advanced to the husband was a gift. This holding the Ninth Circuit reversed and held as above stated, that the advancement was a loan, hence should be allowed as a deduction even though never presented by the wife as a claim against her husband's estate and never paid by the estate.

In the instant case we have no issue whatever as to the bona fides of the loan. The parties have stipulated that Mrs. Thiele had during her lifetime made the loan in question to her husband and that he owed it to her at the time of her death. We hold, therefore, that petitioner is entitled under section 812 (b) (3) of the Internal Revenue Code to deduct from the value of the gross estate the amount of $36,129.78 as a claim against the estate. *Buck* v. *Helvering; Commissioner* v. *Straus; Commissioner* v. *Windrow; Helvering* v. *O'Donnell; Commissioner* v. *Hallock;* and Treasury Regulations 105, sec. 81.36, all *supra*.

In his brief the respondent states that "In the event that this Court decides that the said claimed deduction as a debt should be allowed, the amount of $34,979.16, representing the account receivable, should be restored to and included in the amount of property previously taxed." As stated at the beginning of this opinion the petitioner concedes that this should be done.

Having decided the principal issue in favor of the petitioner, it thus becomes unnecessary to decide the second and alternative issue, except to say that the amount of $29,744.57 should be substituted for the amount of $29,555.74 in deducting the liabilities from the assets included in the estate of Helen Agnes Thiele in arriving at the correct amount of property previously taxed to be included in the gross estate of the estate of Walter Thiele.

Reviewed by the Court.

*Decision will be entered under Rule 50.*