### ERICKSON v. SMYTH et al.
#### No. 29459.

United States District Court
N. D. California, N. D.
Aug. 14, 1952.

J. Warren Manuel, Oakland, Cal., for plaintiff.

Chauncey Tramutolo, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., Paul E. Anderson, Sp. Atty., Bureau of Internal Revenue, San Francisco, Cal., for defendants.

GOODMAN, District Judge.

This is a suit by the executrix of the estate of Timothy H. Carlon to recover $15,376.72 in estate taxes allegedly erroneously paid and collected. 28 U.S.C. § 1340, 26 U.S.C. § 3772. The question tendered is whether attorneys' fees incurred by plaintiff executrix, in accomplishing the removal of the guardian of the decedent prior to his death, constitute a "claim against the estate" and thus are deductible from the gross estate in determining the net taxable estate, pursuant to 26 U.S.C. 812 (b).

On October 10, 1938, several years before Carlon's death, he was adjudged an incompetent and W. J. Ferrell was appointed guardian of his estate. Plaintiff, Carlon's only child, became dissatisfied with Ferrell's management of the estate. It appeared that he was wasting and misappropiating its assets. Plaintiff contracted with certain attorneys to represent her, in an endeavor to conserve the estate. Their agreed compensation was to be 25% of such amount as she might receive from the estate upon her father's decease. As a result of litigation commenced by plaintiff and her attorneys, Ferrell resigned as guardian of the Carlon estate on January 22, 1942. On March 12, 1942, plaintiff and V. J. Preston were appointed as co-guardians of the estate and served until Carlon's death on May 10, 1943. Carlon's will, which was admitted to probate by the Superior Court for the City and County of San Francisco, appointed plaintiff as executrix to serve without bond and bequeathed his entire estate to her. Letters testamentary were issued to her on May 24, 1943. During the pendency of the probate proceedings, plaintiff agreed with her attorneys that they should receive, under the contingent fee contract, the sum of $75,000 rather than 25% of the Carlon estate. On June 25, 1948, plaintiff, having waived an

accounting of her administration and her fee as executrix, the probate court entered a decree distributing the entire estate to her.

Twice in the course of the guardianship proceedings, plaintiff petitioned the guardianship court for the allowance of attorneys' fees for legal services rendered to her as guardian. The first petition was presented on November 25, 1942 for the fees for services rendered up to that time. The second petition for attorneys' fees was included in the final account in the guardianship proceedings rendered on June 11, 1943. All of these attorneys' fees were allowed by the guardianship court. Plaintiff, as executrix of the Carlon estate, also paid to her attorneys, from the estate, their fees for services rendered to her as executrix. But, no claim for the attorneys' fees incurred by plaintiff under the contingent fee contract was ever filed against the Carlon estate either in the guardianship or the probate proceedings. These fees paid by plaintiff were not deducted in determining the net taxable estate.

Plaintiff contends that her claim for such fees was enforceable against the estate and should have been deducted pursuant to 26 U.S.C. § 812 (b) in determining the net taxable estate.

The Government urges that this claim was never enforceable against the Carlon estate, or, in the alternative, if originally enforceable, it was forfeited by not being presented in the guardianship or probate proceedings. In either event, the Government argues, that the amount of the claim would not be deductible as a claim against the estate.

■ Section 812 (b) of the Internal Revenue Code provides that a claim, in order to be deductible in determining the net taxable estate, must be such as is "allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered". The law is clear that the test of deductibility under this section is whether the claim is enforceable against the estate, under the law of the jurisdiction where the estate is probated. Commissioner of Internal Revenue v. Kelly's Estate, 7 Cir., 1936, 84 F.2d 958, 964.

■ California law imposes liability on the estates of incompetents for the reasonable value of legal services rendered to secure the removal of a derelict guardian or to otherwise protect the incompetent and conserve his estate when such services have a beneficial result. Guardianship of Jacobson, 1947, 30 Cal.2d 312, 182 P.2d 537; Guardianship of Garbini, 1st Dist. 1938, 28 Cal.App.2d 715, 83 P.2d 508; Guardianship of Sherman, 2d Dist. 1940, 42 Cal.App.2d 251, 108 P.2d 717. Plaintiff had a valid and enforceable claim against the estate of her father for the expense she incurred for legal services in securing the removal of his original guardian to the extent of the reasonable value of such services. Since she acted to conserve the estate and achieved this purpose, it is wholly immaterial whether her action was prompted by selfish or altruistic motives.

■ The agreed fee for the legal services, originally fixed at 25% of plaintiff's share of her father's estate and later compromised at $75,000, appears to be entirely reasonable. It is not disproportionate to fees allowed by the California Courts in similar cases. Guardianship of Jacobson, 1947, 30 Cal.2d 312, 182 P.2d 537; Guardianship of Garbini, 1st Dist. 1938, 28 Cal. App.2d 715, 83 P.2d 508.

■ This claim was valid and subsisting at the time of death of plaintiff's father. It was not barred by its omission from plaintiff's first petition for the allowance of attorneys' fees in the guardianship proceedings. The intermediate accounts of a guardian are not conclusive, and items omitted therefrom may be presented in the final account. Estate of Eaton, 2d Dist. 1940, 38 Cal.App.2d 180, 100 P.2d 813.

After her father's death, plaintiff could have enforced her claim against his estate by presenting it in the final account in the guardianship court. Upon approval of the court, plaintiff would have had a lien for the amount of the claim against the assets of the estate in the hands of the executor. Estate of Schluter, 1930, 209 Cal. 286, 286 P. 1008; Estate of Clanton, 1915, 171 Cal. 381, 153 P. 459; Guardianship of Jacobson, 1947, 30 Cal.2d 312, 182 P.2d 537; Estate of

Eaton, 2d Dist. 1940, 38 Cal.App.2d 180, 100 P.2d 813.

■ Plaintiff did not present the claim in her final account as guardian because it was obviously unnecessary for her to do so. She was then the executrix and the sole beneficiary of the estate. The estate was solvent. Its assets, which would in due course be distributed to her alone, necessarily exceeded the claim. For it was based on a percentage of the estate. Under these circumstances, the failure to present the claim for allowance by the guardianship court does not foreclose the claim as a deductible charge in determining the net taxable estate.

■ The allowance of a claim against an estate, by a court of the jurisdiction in which the estate is probated, is not determinative of the claim's deductibility. A local court's approval of a claim against an estate is not proof of its legal enforceability, unless it appears that the court actually adjudicated the merits of the claim. First-Mechanics National Bank of Trenton v. Commissioner, 3 Cir., 1940, 117 F.2d 127, 132 A.L.R. 1459. A court decree allowing a claim against an estate, after a genuine contest, is acceptable evidence of the claim's enforceability. 26 Code of Federal Regulations § 81.30. But, a decree allowing the claim is unnecessary to establish its deductibility. The statute does not condition deductibility upon a claim's allowance by a local court but rather upon its enforceability under local law. Commissioner of Internal Revenue v. Strauss, 7 Cir., 1935, 77 F.2d 401; Buck v. Helvering, 9 Cir., 1934, 73 F.2d 760; Estate of Walter Thiele, 1947, 9 T.C. 473; Estate of Walter L. Small, T. C. Memo., P-H par. 43,167, CCH par. 13,125, 1943; Estate of Joseph Wittman, T. C. Memo., P-H par. 52,202, CCH par. 19,054, 1952.

Plaintiff had a valid and enforceable

claim against the Carlon estate under California law. She actually received the full amount of the claim from the estate. It is immaterial that she formally received it as a beneficiary rather than as a claimant. To have presented the claim for formal allowance would have served no purpose except, as the Tax Court commented in Estate of Thiele, infra, 9 T.C. at page 482, to eliminate the present question. Other courts have recognized similar claims as deductible. Commissioner of Internal Revenue v. Strauss, 7 Cir., 1935, 77 F.2d 401; Buck v. Helvering, 9 Cir., 1934, 73 F.2d 760; Estate of Walter Thiele, 1947, 9 T.C. 473.[1]

Judgment will go for plaintiff as prayed. Present findings pursuant to the Rules.

---

1. The claim in the Strauss case would not be deductible under Section 812(b) as it stands today, because the estate there was insolvent except for the proceeds of life insurance not subject to claims against the estate. An amendment to Section 812(b) added by Section 405 of the Revenue Act of 1942, 56 Stat. 798, provides that deductible claims may not exceed the "value, at the time of the decedent's death, of property subject to claims." But, this amendment in no way affects the validity of the court's holding in the Strauss case, that a claim need not have been presented to or allowed by a local court to be deductible.