Estate of Marguerite K. Boyce, Victor R. Wolder and Manufactures Hanover Trust Company, Executors v. Commissioner.
Estate of Boyce v. Commissioner
Docket No. 367-70.
United States Tax Court
T.C. Memo 1972-204; 1972 Tax Ct. Memo LEXIS 53; 31 T.C.M. (CCH) 1017; T.C.M. (RIA) 72204; September 21, 1972
Hewitt A. Conway, 350 Park Ave., New York, N. Y., Richard J. Concannon, and John F. Rossi, for the petitioners. MichaelA. Menillo, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $32,137.86 in the estate tax of the estate of Marguerite K. Boyce. Certain concessions having been made, the sole question remaining for decision is whether cash and securities paid to decedent's attorney under a provision in the decedent's will can be deducted from her gross estate under section 2053(a) *54 [1] as payment of a claim for services rendered to her by petitioner during her lifetime. All of the facts have been stipulated and are found accordingly. Marguerite K. Boyce (hereinafter referred to as the decedent) died testate, a resident of New York, on July 24, 1965. The petitioners herein, Victor R. Wolder (hereinafter referred to as Wolder), a resident of New York at the time the petition herein was filed, and Manufacturers Hanover Trust Company (hereinafter referred to as Manufacturers), whose principal place of business at that time was also located in New York, duly qualified as executors under the will. An estate tax return was timely filed with the district director of internal revenue in New York City. On or about October 3, 1947, the decedent and Wolder, an attorney, entered into a written agreement whereby Wolder agreed to render to the decedent such logal services as she shall in her opinion personally require from time to time as long as both [the decedent] and Mr. Wolder shall live and not to bill her for such services. The decedent, in consideration *55 therefor, covenanted that she would bequeath to Wolder or his estate 500 shares of Class B common stock of White Laboratories, Inc. (which she then owned), and any additional shares, securities, rights, or stock dividends that she might acquire in the future by virtue of her ownership thereof. From October 3, 1947 until decedent's death, Wolder rendered all legal services requested by decedent, including the preparation of a number of wills and codicils, without charge. On September 19, 1957, White Laboratories, Inc., was merged into Schering Corporation and the decedent received 750 shares of Schering common stock and 500 shares of Schering convertible preferred stock in exchange for her 500 shares of White Laboratories, Inc. The preferred stock was later redeemed for $15,845. In each will or codicil executed by the decedent after October 3, 1947, the provision for Wolder's benefit was continued, altered only to reflect the changes that occurred in her original interest in White Laboratories, Inc. Decedent died on July 24, 1965. Her last will and testament, executed on April 23, 1965, and admitted to probate in due course after her death, provided, in pertinent part, as follows: *56 FIFTH: Whereas, heretofore I made a bequest to VICTOR R. WOLDER or to his estate if he predeceases me, certain shares of preferred stock and certain shares of common stock of Schering Corporation, and whereas I have heretofore disposed of the preferred stock and now own the common stock, now, therefore, I make the following provisions for his benefit and that of his estate if he predeceases me: (a) I give and bequeath to VICTOR R. WOLDER, or if he predeceases me, to his estate (or to such person or persons as he may appoint by his Last Will and Testament) the sum of Fifteen Thousand Eight Hundred Forty-Five ($15,845.00) Dollars. 1018 (b) Further, I am now the owner of seven hundred fifty (750) shares of ($1.00 par value) common stock of Schering Corporation. It is my intention to give and bequeath to said VICTOR R. WOLDLR, or his estate, if he predeceases me, said Schering Corporation stock which I now own and any stock or proceeds from its disposition which I may hereafter receive resulting therefrom. Therefore, I give and bequeath to said VICTOR R. WOLDER or to his estate if he shall predecease me (or to such person or persons as he may appoint by his Last Will and Testament) *57 (a) seven hundred fifty (750) shares of common stock ($1.00 par value) of Schering Corporation, which stock I now own, and (b) if the said Schering Corp. shall hereafter issue stock dividends, warrants or rights or shall be refinanced, recapitalized, reorganized, merged or consolidated, or if any stock I at any time own in said corporation shall be split or if any such stock be exchanged for any other stock, or if I shall exercise any warrants or rights or my conversion rights under the preferred stock, such other or additional shares or securities or rights as I shall at any time hereafter own or acquire or be entitled to by virtue of my ownership of the aforementioned shares in the Schering Corporation; and (c) if any or all of said stock, securities, warrants or rights which I now own or hereafter acquire are disposed of during my life, then, with respect to the stock, securities, warrants and rights disposed of, an amount equivalent to the worth of such stock or securities, warrants or rights so disposed of, determined at the greater of their worth at the date or dates of their disposition or the greater of the worth of the original shares included in certain White Laboratories, *58 Inc. Class "B" stock owned by me on October 3, 1947, before it was merged with Schering Corporation. At the time of decedent's death, the Schering stock had a fair market value of $46,945.31. In 1966, the residuary legatees under the will, William Lum (the decedent's grandson) and the American Cancer Society, objected to payment of the legacy to Wolder on the ground that the payment constituted a debt and Wolder, as executor, was required to prove the validity of the obligation before distribution was made. The Honorable S. Samuel DiFalco, Surrogate, New York County, held that Wolder was entitled to his bequest without such proof. Subsequently, The Honorable Samuel J. Silverman, Surrogate, New York County, also held that Wolder was "entitled to the benefits of the bequest under Article Fifth of the will." The petitioners deducted from the decedent's gross estate the sum of $62,790.31 (comprised of $46,945.31 in Schering stock and $15,845 in cash) as a debt due and owing to Wolder at the time of decedent's death. Opinion In his brief in this case, respondent states: In the event that the case of Victor R. Wolder and Marjorie Wolder (Docket No. 297-70) is decided in favor *59 of respondent, and the Court finds that the distribution is includible in Mr. Wolder's gross income pursuant to section 61 of the Internal Revenue Code of 1954; respondent would then agree that the deduction claimed by petitioners in the instant case is allowable pursuant to section 2053 of the Internal Revenue Code of 1954. We have this day decided that the benefits received by Wolder under Article FIFTH of the will constituted compensation for services taxable to him under section 61. Victor R. Wolder, 58 T.C. - (Sept. 1972). In view of respondent's concession, we find that petitioners are entitled to the claimed deduction. Consequently, for the purposes of this case, we need not reach the question whether Wolder necessarily had the status of a legatee under New York law and whether the claimed deduction would thereby be precluded. Compare Beecher v. United States, 280 F. 2d 202 (C.A. 3, 1960); Nashville Trust Co. v. Commissioner, 136 F. 2d 148 (C.A. 6, 1943); Estate of Annie Feder, 22 T.C. 30 (1954); Estate of Walter Thiele, 9 T.C. 473 (1947); Estate of George Rice, 7 T.C. 223 (1946); *60 Rev. Rul. 60-247, 1960-2 C.B. 272. Decision will entered under Rule 50. 1019 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩